# CHARLESTON.

STATE *ex rel.* CHAS. GABBERT *et al.* v. GEO. M. ROBINSON *et al.*

Submitted June 23, 1921.     Decided June 24, 1921.

1.  ELECTIONS—*Certificate is Prima Facie Evidence of Result and Primary Evidence on Recount if Preserved as Required by Law.*

    The certificate of the officers holding an election is *prima facie* evidence of the result thereof, and the ballots, in case

the result shown by the certificate is challenged, are the primary or highest evidence of such result, provided they have been preserved in the manner required by law. (p. 710).

2. SAME—*Where ballots were not Preserved as Required, They Must Be Disregarded.*

The ballots cast at an election which are turned over to one of the commissioners without being sealed as required by law, and retained in his custody for a considerable length of time, after which seals are placed upon the receptacle containing the ballots, and the same delivered to the board of canvassers, cannot be treated by the board of canvassers as primary evidence of the result of such election, but the same must be disregarded, and the result as certified by the election officers taken as the best evidence obtainable by such board of canvassers of the result of such election. (p. 711).

3. SAME—*Where Ballots were Not Preserved as Required by Law, Board of Canvassers Cannot Make Inquiry as to Whether they Were Tampered With.*

A board of election canvassers cannot make an inquiry as to whether or not ballots placed in the custody of a party unsealed have been, or have not been, tampered with. If there has been an opportunity to tamper with such ballots they must be disregarded upon a canvass of the returns by the board of canvassers. (p. 711).

Original application by the State, on the relation of Charles Gabbert and others, for a writ of mandamus against George M. Robinson and others, constituting the board of canvassers.

*Peremptory writ issued.*

*Jno. T. Simms,* for relators.

*W. E. R. Byrne, E. L. Stone* and *Ben W. Moore,* for respondents.

RITZ, PRESIDENT:

The relator Charles Gabbert was a candidate for the office of mayor of the city of Dunbar at the recent election held in that city, and the relator F. H. Rohmiller was a candidate for the office of councilman at said election. On the face of the returns as made up by the commissioners who held the election each of these relators was elected to the office to which he aspired. These election returns being placed before the board of canvassers, a recount was demanded by the oppon-

ents of relators. The relators objected to the ballots returned by the commissioners being recounted, or being treated as evidence of any character by the board of canvassers, upon the ground that the same had not been sealed and preserved in the manner provided by law. It was shown that after the election officers had completed their work the ballots were placed in the ballot box, and the same locked and placed in the custody of one of the commissioners of election, who likewise had both of the keys to the box. The ballots were not sealed up in any package, nor were any seals placed upon the box containing the ballots at the time they were turned over to this commissioner. When he attempted to turn them over to the clerk of the board of canvassers he, the clerk, refused to receive them unless the same were sealed. Strips of paper were then procured and placed over the opening in the box, and the names of the election commissioners written thereon, and a seal placed upon the keyhole of the lock, and in this condition they were delivered to the board of canvassers. Evidence was offered and heard by the board of canvassers to the effect that the ballots had not been disturbed after being placed in the box by the commissioners until they had been turned over to the clerk of the board. The ballots were then recounted and sufficient gains made by the opponents of relators to change the result as shown by the certificate returned by the commissioners.

The questions we have for consideration are: First, whether or not these ballots, under the circumstances, could be treated by the board of canvassers as primary evidence of the result of the election upon the showing made that they had been for a considerable period of time, unsealed, in the possession of one of the commissioners after the election officers had performed their duties; and, Second, whether or not the board of ballot commissioners could hear evidence showing, or tending to show, that the ballots had not been tampered with during that period, or hear any evidence in regard to the ballots.

The contention is made by the respondents that the writ prayed for should not be awarded for the reason that when the ballots came into the possession of the board of can-

vassers they were in the ballot box and seals placed thereon, and that it was not competent for the board of canvassers to make any inquiry as to when these seals had been placed on the box. We cannot agree with this contention. We think it was competent for the board of canvassers to make an inquiry, upon the suggestion that the ballots had not been cared for in the manner required by law, to ascertain this fact, and if it was found that they had been tampered with to refuse to consider them as primary evidence of the result of the election.

The contention is made on behalf of the relators that it being conceded that the ballots were in the possession of one of the commissioners for a considerable time after the election officers had performed their duties, without being sealed, they could not be treated by the board of canvassers as primary evidence of the result of the election, and could not be considered by that board in convassing the returns; and further, that it was incompetent for the board of canvassers to hear any evidence tending to support the integrity of the ballots so returned. It has been frequently held by this court that upon the canvass of the returns of an election the certificates returned by the election officers are *prima facie* evidence of that result, and the ballots themselves, if preserved in the manner provided by law, are the primary or best evidence of the result of the election, and upon demand may be counted by the canvassers, and the actual result, as shown by the ballots, ascertained and declared. The ballots, however, must be preserved in the manner required by law in order to maintain their character as primary evidence before the board of canvassers. If the seals have been broken, or if they have not been sealed as required by law, and there has been opportunity to tamper with them, they cannot be received by the board of canvassers as evidence, nor considered by that board. *Snodgrass* v. *Wetzel County Court,* 44 W. Va. 56; *Dent* v. *Board of Commissioners,* 45 W. Va. 750: *Stafford* v. *Sheppard,* 57 W. Va. 84. The question for the consideration of the board of canvassers is not whether the ballots have been in fact tampered with, but whether there has been an opportunity to destroy their integrity, and if

the same have been left in the custody of anyone without being sealed in the manner required by law, this fact of itself, under our decisions, destroys their value as primary evidence before the board of canvassers. The purity of elections depends upon the provisions of the law in regard to holding the same, being carried out with reasonable strictness, and then, too, a board of canvassers, who are required to make their returns and declare the result of the election with reasonable promptness, have neither the opportunity of making an investigation nor the power to judicially determine the effect of such a failure upon the part of election officers to observe the law. Nor do we think it is competent for the board of canvassers to enter upon an inquiry as to whether or not the ballots were actually tampered with by the party in whose custody they were, or by anyone else, during the time they were unsealed. Under the law they are the primary evidence of the result of the election only when they have been preserved in the manner provided by law, and when it appears that they have not been so preserved they lose their charater as such evidence before the board of canvassers. The only thing the board of canvassers have to ascertain is whether the ballots were preserved in the manner required by law, and if they were then they are primary evidence. If they were not they cannot be considered by the board of canvassers. To allow that board to enter upon an inquiry as to the probable effect upon the result of the election from the ballots not being properly preserved would broaden their functions far beyond what was within the contemplation of the legislative authorities. It would be to permit them to make an inquiry which, if it can be made at all, would be within the province of a tribunal sitting to try a contest, as stated by Judge BRANNON in the case of *Stafford* v. *Sheppard, supra.* As to whether or not, before a proper tribunal trying a contest of the election, evidence can be introduced and heard for the purpose of restoring the ballots to their dignity as primary evidence, we express no opinion at this time, as the question does not arise upon this inquiry. The duty of boards of canvassers extends no further than to interpret the proper returns placed before them. *State ex rel Size-*

*more* v. *Hunter,* 86 W. Va. 544, 103 S. E. 678. Such returns as come to them with proper evidence of their authenticity they must consider and interpret. Returns delivered to them which have not been properly preserved in the manner required by law, they must refuse to consider.

It follows from what we have said that the writ of mandamus prayed for will issue.

*Peremptory writ issued.*