# CHARLESTON.

STATE *ex rel.* C. E. MAHAN

*v.*

B. E. CLAYPOOL, President, S. J. JASPER and ELI J. TAYLOR, Commissioners of the County Court of Fayette County, ex-officio Board of Canvassers.

Submitted December 16, 1924. Decided December 22, 1924.

ELECTIONS—*Canvassing Board Upon a Recount of Ballots Without Authority to Consider Evidence of Fraud Prior to Preparation of Certificate of Return by Election Commissioner.*

> Upon a recount of the ballots cast at an election, for the purpose of determining the result thereof, the county court, as a canvassing board, is without authority to consider evidence of alleged fraud in the election prior to the preparation of the certificate of returns by the election commissioners.

97 W. Va.

Mandamus by State ex rel. C. E. Mahan, against B. E. Claypool, S. J. Jasper and Eli J. Taylor, members of the County Court of Fayette County, ex-officio Board of Canvassers.

*Writ awarded.*

*Dillon, Nuckolls & Mahan,* for relator.
*J. Q. Hutchinson* and *Fred O. Blue,* for respondents.

LITZ, JUDGE:

According to the certificate of returns from the last general election in Fayette county, the relator, C. E. Mahan, as Democratic candidate for assessor of that county, was elected over his Republican opponent, H. S. Fields, by a majority of fifteen votes. A canvass of the returns by respondents increased his lead to forty-one votes. A recount of the ballots, demanded by Fields, however, resulted in the board of canvassers declaring his election by thirty-one votes, and issuing to him a certificate of election for said office.

Exceptions were taken by relator to various rulings of the board during the recount, but we need consider only one. The certificate of returns and recount of the ballots cast at Clifty precinct gave relator seventy-eight votes and Fields twenty. The entire vote of this precinct was excluded in the recount on the theory that fraud had been practiced at the election prior to the preparation of the certificate of returns by the ballot commissioners. The basis of the alleged fraud consists of affidavits of forty-six voters that each had cast a straight Republican ballot, and of what are termed "peculiar markings" of some of the mixed ballots favoring Mahan. It is claimed that on these ballots the marking at the head of the Republican ticket and that opposite the name of relator in the Democratic column seem to have been in different handwriting or made by different pencils. There is no contention that the ballots were in any way tampered with after being counted and sealed by the election officers. In fact, as already indicated, the same number of votes was shown by the recount and the certificate of returns. This being the case, the canvassing board transcended its jurisdic-

tion in attempting to exclude these ballots. It is vested with no authority to hear or consider evidence of fraud in the election. Such matters are cognizable only in contest proceedings. *Brazie* v. *Fayette County Commissioners,* 25 W. Va. 213; *Brown* v. *Randolph County Court,* 45 W. Va. 827, 32 S. E. 165; *Morgan* v. *Wetzel County Court,* 54 W. Va., 372, 44 S. E. 182; *Daniel* v. *Simms,* 49 W. Va. 554, 574; *Dunlevy* v. *County Court,* 47 W. Va. 513, 35 S. E. 956, 958; *Hebb* v. *Clayton,* 45 W. Va. 578, 32 S. E. 187; *Marcum* v. *Ballot Commissioners,* 42 W. Va. 263, 26 S. E. 281; 26 Cyc. 275, and numerous cases cited; Cooley's Cons. Lim. 7th Ed., pp. 934, 935; High's Extr. Leg. Rem. 3d ed., Secs. 55, 56; 20 C. J., 200, 201, 202 and many cases cited.

We award the peremptory writ of mandamus prayed for, commanding the board of canvassers to reconvene and count the ballots of Clifty precinct in determining the result of the election for the office of assessor in Fayette County, giving to the relator seventy-eight and to H. S. Fields twenty votes. This will change the result and entitle the relator to a certificate of election.

*Writ awarded.*