# CHARLESTON.

STATE *ex rel.* WOODYARD PUBLICATIONS *v.* COUNTY COURT OF HARDY COUNTY

(No. 6659)

Submitted November 7, 1929. Decided November 12, 1929.

*Houston G. Young* and *John N. Charnock,* for relator.
*W. D. McCauley* and *J. S. Zimmerman,* for respondents.

LITZ, JUDGE:

The petitioner, Woodyard Publications, a corporation, seeks a peremptory writ of mandamus directed to the county court of Hardy county and the members thereof, commanding them to cause to be published in The Hardy County News, a Republican newspaper owned and published in that county by petitioner, the financial statement of said county for the fiscal year ending June 30, 1929, in compliance with section 35 of chapter 39, Code, requiring the county court of every county within four weeks after the first session in each fiscal year to cause to be published for one week in at least two newspapers of opposite politics, if there be such published therein, the financial statement of the county for the previous fiscal year.

The first session of the county court in the fiscal year. beginning July 1st, was held on the 13th day of August, when it directed the publication of said financial statement in the Moorefield Examiner, the only Democratic newspaper published in Hardy county. No Republican newspaper was then being published in the county. The first issue of The Hardy County News did not make its appearance until August 30th. The right of the petitioner to the writ is challenged on the grounds (1) that The Hardy County News is not published in Hardy county, and (2) that it was not an established newspaper at any time within the period in which said financial statement was required to be published. It is printed in Mineral county and distributed from an office maintained by the petitioner in Hardy county. Although the first ground, in our opinion, is without merit, there is no definite proof showing the number of subscribers or the circulation of The Hardy County News in Hardy county by sample copies or otherwise within the period in which said financial statement was required to be published; nor is there evidence of any demand on the county court within said period to authorize the publication of said financial statement in The Hardy County News, or that the county court then knew such newspaper was being promoted. It having been the duty of the county court to direct the publication of said financial state-

ment at its term on August 13th, which it performed in the only way authorized under the statute, there was no obligation upon it, under the circustances, to reconvene and direct a further publication.

Upon consideration of the facts and circumstances, we are of opinion that the petitioner has not shown such clear legal right to the remedy which it seeks as the law requires. The writ is therefore denied.

*Writ denied.*