ANDY ANTONOVICH *v.* STATE COMPENSATION COMMISSIONER

(No. 6977)

Submitted March 4, 1931. Decided March 10, 1931.

*Hillis Townsend,* for relator.

*Howard B. Lee,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, and *Geo. D. Moore,* for respondents.

LITZ, PRESIDENT:

The petitioner, Andy Antonovich, was struck by falling slate, November 18, 1929, in the course of his employment as a coal miner for The Collieries Company, a subscriber to the Workmen's Compensation Fund. The blow produced a compression fracture of the lumbar vertebrae which resulted in flaccid paralysis, rendering him helpless and unable to eliminate urine or other waste matter. He was immediately conveyed to the Mountain State Hospital at Charleston and there treated until August 4, 1930; was then taken to Davy, McDowell County; and returned to the hospital November 4, 1930, where he has since remained. He seeks a writ of mandamus in this proceeding to compel the state compensation commissioner to pay the hospital the sum of eight hundred dollars in partial settlement of its charges for the treatment it has already furnished him.

Section 27, chapter 68, Acts 1925, requires the compensation commissioner to extend for personal injury to an employee entitled to participate in the compensation fund such sums for medical, surgical and hospital treatment as in the opinion of the commissioner may reasonably be required not exceeding eight hundred dollars; unless the injured employee is entitled to such treatment under a contract connected with his employment or "by reason of a subscription list to medical, surgical or hospital treatment without further charge to him."

The commissioner offers as a defense to the petition a contract between said hospital and the employer (in effect at the time of the injury) whereby the hospital agreed, in consideration of one dollar per month, paid from the wages of

an employee, to furnish him and his dependents "All necessary hospital and professional services both medical and surgical including room, board and regular nursing in the wards" of the hospital, except for numerous specified ailments, including "chronic or incurable diseases".

The hospital, though named and served as a respondent, does not answer. It is contended, however, by counsel for petitioner that he is inflicted with a chronic or incurable disease within the meaning of the exceptions enumerated in the contract; the theory being that his debility is permanent and will not yield to treatment. The opinions of two physicians, relied on to establish such an hypothesis, is merely to the effect that the condition of Antonovich responds very slowly to treatment and that there is no chance for his *complete* recovery. Having concluded that the petitioner was entitled, under the contract, to the treatment he has received from the hospital, the writ will be denied. "One seeking relief by mandamus must show a clear legal right to the remedy." *State ex rel. Goshorn* v. *Johnson, Treasurer*, 102 W. Va. 629.

*Writ denied.*