W. F. THOMAS *v.* STATE COMPENSATION COMMISSIONER

(No. 7316)

Submitted March 30, 1932.    Decided April 26, 1932.

*W. H. Malcolm,* for relator.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

LIVELY, JUDGE:

Thomas, injured by slate fall July 21, 1926, was first awarded 45% partial permanent disability; and later, was increased to 70%.

He now claims that he is permanently and totally disabled from performing any physical or manual labor, and seeks to compel the commissioner to re-open his case and hear more evidence showing his present physical condition. He claims that his injuries have progressed and become aggravated, a condition not considered by the commissioner upon his final award; and that his progressed and aggravated condition was laid before the commissioner when a further hearing was asked and refused. We find no application for a further hearing after the 70% was allowed February 24, 1930. By a letter of January 8, 1932, the petitioner asked the commissioner to again examine the evidence already before him and make him further allowance. He did not offer to show that his condition had become worse. By his petition, he says that his condition is actually worse. The return denies that allegation, and, on the contrary, avers that his condition has improved.

Mandamus will not lie to re-open a case unless it be shown that further disability has accrued subsequent to the award, and not considered by the commissioner. Petitioner's counsel relies upon *Bonner* v. *Commissioner*, 110 W. Va. 38, 156 S. E. 847, which holds that where the commissioner has passed upon a claim and later it is represented to him in a proper way that there has been a progressive and aggravated condition of the injury not considered by him, he should re-open the case if his jurisdiction has not been ended. That case does not apply, for we do not find that proper representations of the aggravated and progressive condition of petitioner's injury, not considered by the commissioner when he made his last award of 70%, has been made to the commissioner. It is so stated in the petition, but that statement is denied; and the letter referred to and relied upon does not bear out the assertion. It is a request to again consider the evidence already in, and make a further award. This is a mandamus proceeding and is governed by the familiar rule that the writ will not lie unless the relator has shown a clear legal right to have the act preformed. *Antonovich* v. *Commissioner*, 110 W. Va. 273, 157 S. E. 591. Petitioner complains that his left eye has become blind as a result of the injury

212

and that it should be removed. The condition of the eye was shown when the last award was made, and it appeared that he was covered by a contract between the employer and a hospital by which such surgical services would be performed without cost to petitioner, and that the duty to pay for that service was not incumbent upon the commissioner. At the investigation of the claim, the condition of the eye was reported by an eye specialist, Dr. Hume, and the commissioner then directed attention to the hospital contract and advised that the hospital should remove the eye if removal was deemed to be necessary.

The writ will be refused.

*Writ denied.*