MOORE M. REYNOLDS *v.* BOARD OF CANVASSERS OF HARRISON COUNTY *et al.*

(No. 8497)

Submitted October 21, 1936. Decided October 22, 1936.
(Written Opinion filed October 27, 1936.)

*A. J. Rosenshine* and *Fred L. Shinn,* for relator.

*Strother & McDonald, John B. Wyatt,* and *Cornelius C. Davis,* for respondents.

HATCHER, PRESIDENT:

In this proceeding, the relator seeks to have the Canvassing Board of Harrison County record officially the result of the recount of ballots cast for candidates for the nomination for sheriff on the Democratic ticket, in three certain precincts in the May, 1936, primary election. The relator received the nomination according to the election returns and also according to the actual recount of the ballots. But the Board (a) refused to record the ballots cast at three precincts and (b) by a majority vote, rejected all the ballots of those precincts on account of alleged irregular conduct and fraud, and (c) declared respondent, H. C. Morrison, the nominee. Only one precinct, Coal number 4, will be considered, it being conceded that if the vote there is restored, the relator will receive the nomination, regardless of any action which might be taken at the other two questioned precincts.

After the Board recounted the ballots from this precinct, it was passed temporarily (according to a minute of the Board) until witnesses could be examined "in order to procure correct returns and ascertain the true result of the election." A mutual arrangement was made, however, that in such examination respondent Morrison and respondent, R. L. Fetty, another rival candidate for sheriff, should be regarded as plaintiffs and relator should be regarded as defendant; and that Morrison and Fetty should introduce their evidence, and then the relator should introduce his evidence. A motion by relator that "the plaintiffs" be required to furnish "a bill of particulars" was denied. The parties then proceeded to introduce reams of testimony, most of which was pertinent only to a contest. Scores of witnesses were examined by both sides in an effort to show irregularities and fraud at many precincts. This was improper, since on a recount, a canvassing board has no authority "to pass on questions of fraud, intimidation, or the manner in which the precincit officers were appointed." *Hatfield* v. *Farley,* 97 W. Va. 695, 126 S. E. 413. Accord: *Mahan* v. *Board,* 97 W. Va. 670, 672, 125 S. E. 810.

The evidence affecting Coal precinct number 4 may be summarized as follows: Several persons who had been appointed election officials by the county court failed to appear and others were selected by the election officials. In a few instances, officials appointed to serve in one capacity served in another. The voters prepared their ballots on desks in a schoolroom, and frequently, during the day, more than the permissible number of voters were in that room. However, we cannot find and have not been referred to any legitimate evidence whatever of interference with, surveillance over, or intimidation of the voters of this precinct by the election officials or others. Explanations, uncontroverted, rid the changes in the election officials of any fraudulent import. It is settled law that errors and even misconduct of election officers will not invalidate an election unless they violate a mandatory legal provision or prevent a fair expression

of the popular will. *Murphy* v. *Spokane,* 64 Wash. 681, 117 Pac. 476, and cases cited; 20 C. J. subject Elections, sec. 70. The answer filed by the majority of the Board in this mandamus proceeding, as well as the testimony of one of its members herein, shows clearly that the ruling of the majority was based largely on information and rumor *dehors* the record. Consequently, even if we should tolerate the contention of respondents that the recount was converted into a quasi contest by the conduct of the parties, the majority ruling would have to be disregarded, because without proper factual foundation.

The election laws contemplate that a recount and a contest shall be entirely separate. The former must terminate and the result be declared before the latter may commence. Code, 3-9-2, provides that a contestant "shall * * * after the result of the election is declared give the contestee notice of such intention" (to contest) which notice shall specify fully the grounds of the contest. That notice is essentially a formal and precise paper. "It is in the nature of a complaint or information setting out a cause of action as well as the commencement and foundation of an important legal proceeding." *Halstead* v. *Rader,* 27 W. Va. 806, 811. Without this notice, the bounds to the evidence on a contest would not be defined and prolixity would result as in the instant case. We are aware that in *Baer* v. *Gore,* 79 W. Va. 50, 56, 90 S. E. 530, L. R. A. 1917 B, 723, this court countenanced a quasi contest without a notice. But there the parties understood from the beginning that only one matter was in issue and limited the inquiry accordingly. The plain terms of the statute require us to disapprove this practice.

The writ will issue as prayed for in relation to Coal precinct number 4.

*Writ issued.*