STATE *ex rel.* LESTER W. WATTS

*v.*

E. W. KELLY, C. B. VICKERS AND GUY DOUGLAS, COMMISSIONERS OF THE COUNTY COURT OF FAYETTE COUNTY, SITTING AS A BOARD OF CANVASSERS

(No. 10695)

Submitted September 2, 1954. Decided September 21, 1954.

178

*Laird* and *Summerfield,* for relator.
*Mahan, White* and *Higgins,* for respondents.

HAYMOND, JUDGE:

In this original proceeding in mandamus, the petitioner, Lester W. Watts, seeks to compel the defendants, E. W. Kelly, C. B. Vickers and Guy Douglas, Commissioners of the County Court of Fayette County, West Virginia, sitting as the board of canvassers of that county, to reconvene and correct certain errors alleged to have been committed by the board in recounting ballots cast at the August 1954 primary election, and to reject and refuse to count the ballots cast in four precincts for the petitioner and William N. Jasper, Jr., rival candidates for the Democratic nomination for the office of member of the State

Senate for the Eleventh Senatorial District composed of the counties of Fayette and Greenbrier in this State.

Upon the petition, filed August 25, 1954, a rule was issued by this Court returnable September 1, 1954, at which time the defendants filed their demurrer and answer; and this proceeding was submitted for decision upon the foregoing pleadings and the written briefs and the oral arguments in behalf of the respective parties.

The principal allegations of the petition are that the petitioner and William N. Jasper, Jr., were candidates for the Democratic nomination for the office of member of the State Senate for the Eleventh Senatorial District, composed of Fayette and Greenbrier Counties, at the primary election held on August 3, 1954; that after the votes cast at such primary election had been canvassed by the board of canvassers of Fayette County each of the candidates demanded a recount of certain precincts; that upon such recount, as appears from the election records, the election commissioners and the poll clerks who served as such at Precinct No. 9, Oak Hill, Precinct No. 13, Oak Hill, and Precinct No. 21, Harvey, were not sworn and that such election officers did not subscribe the oath required by Section 16, Article 4, Chapter 3, of the Code of West Virginia, 1931; that it appears, from the election records, that at Precinct No. 10, Oak Hill, the election officials who served at that precinct did not certify the number of votes cast for the candidates of the Democratic party and of the Republican party; that it also appears, from the election records at Precinct No. 13, Oak Hill, that the seal was broken on the package containing the ballots cast at such precinct when such package was presented to the board of canvassers during the recount, and that, for that reason, fraud and misconduct occurred in such primary election at that precinct; that the board of canvassers committed error in overruling the motions of the petitioner to reject and not to count the ballots cast at Precinct No. 9, Oak Hill, Precinct No. 13, Oak Hill, and Precinct No. 21, Harvey, and in permitting a recount of the ballots cast at Precinct

No. 10, Oak Hill, in Fayette County; that the official canvass of the votes cast at such primary election in Fayette and Greenbrier Counties, comprising the Eleventh Senatorial District, shows that the petitioner received 62 votes less than the votes received by William N. Jasper, Jr., for the office of member of the State Senate in that senatorial district; and that if the relief sought by the petitioner is granted the result of the primary election in Fayette County will be changed to the extent that the petitioner will obtain the nomination as the Democratic candidate for that office in that district.

By their answer the defendants, admitting certain allegations and denying certain other allegations of the petition, deny the allegations of the petition that the election officers at Precinct No. 9, Oak Hill, Precinct No. 13, Oak Hill, and Precinct No. 21, Harvey, in Fayette County, were not sworn as such election officials, but no evidence was introduced by the petitioner in support of his allegations that the election commissioners and the poll clerks at those precincts were not sworn.

The material facts, except those alleged in the foregoing pleadings bearing upon the question whether the election commissioners and the poll clerks at Precinct No. 9, Oak Hill, Precinct No. 13, Oak Hill, and Precinct No. 21, Harvey, in Fayette County, were sworn, are undisputed and the questions presented are questions of law.

To sustain his contention that the defendants, sitting as the board of canvassers of Fayette County, should have rejected and refused to count the ballots cast at the foregoing three precincts the petitioner cites the case of *State ex rel. Revercomb* v. *Sizemore,* 124 W. Va. 700, 22 S. E. 2d 296. In that case with respect to the seven precincts at which the votes cast were assailed as invalid it appeared that in some instances a poll clerk administered the oath prescribed for election officers by Section 16, Article 4, Chapter 3, Code, 1931, although a poll clerk is not authorized to perform that function; that in some instances at those precincts the names of the election officers were

not properly subscribed in the space provided for that purpose; that in other instances the person who administered the oath failed to sign the jurat; and that in other instances the names of the election officers were improperly inserted in the form provided for such oath. The opinion states that all the election officers who served in the precincts at which the assailed votes were cast took the statutory oath before someone who was believed to have possessed the authority to administer such oath, and that the provision of Section 16, Article 4, Chapter 3, Code, 1931, requiring election officers to take and subscribe the oath prescribed by the statute, is mandatory.

Notwithstanding the irregularities which were shown to have occurred at the precincts involved in the *Revercomb* case and the mandatory character of the statutory provision, requiring election officers to take and subscribe the prescribed oath, this Court held that in the absence of fraud or misconduct which prevented a free expression of the will of the voters, the failure of election commissioners and poll clerks to take and subscribe the oath required by the statute will not vitiate an election conducted by such officers. In the opinion this Court said: "Non-compliance with the statute requiring the oath of the election officers, even if the same is mandatory, will not vitiate an election in the absence of fraud or miconduct. * * * Under general rules of statutory construction, the fact that Section 16 provides that the poll clerks and commissioners 'shall' take and subscribe the prescribed oath before entering upon their duties, indicates that the same is mandatory in its requirements; however, it does not necessarily follow that an election should be vitiated wherein irregularities appear as in this case. The votes cast in the seven questioned precincts were fairly and correctly counted and tabulated upon the recount and no fraud or misconduct has been shown. To exclude such returns from the canvass of the vote cast in said election in Clay County would, in effect, disfranchise the voters in such precincts, solely because of the participation of election officers, some of whom were not properly sworn and others who did not properly subscribe to the oath

taken. * * * We do not believe that an election should be vitiated by reason of the fact that election officers acted, under color of authority, without the required qualifications as to taking and subscribing the statutory oath, where no fraud or misconduct is imputed."

It is the contention of the petitioner that, inasmuch as the election officers in the *Revercomb* case took the oath prescribed by the statute before a person who was, in good faith, believed to have the authority to administer it, but who, in fact, did not have that authority, there was substantial compliance with the statutory requirements, and inasmuch as the election officers who served at Precinct No. 9, Oak Hill, Precinct No. 13, Oak Hill, and Precinct No. 21, Harvey, involved in this proceeding, did not take and subscribe the oath prescribed by the mandatory provision of the statute, the holding of the *Revercomb* case has no present application, and that it is to be distinguished from the case at bar. There is no merit in this contention.

As already indicated, the allegations of the petition that the election commissioners and the poll clerks, who served at the three foregoing precincts, did not take the oath prescribed by the statute, is denied by the answer of the defendants, and there is no evidence which shows affirmatively that they did not actually take the required oath. Whether the election officers at those precincts were or were not actually sworn, it is evident that they were duly appointed as election officers at those precincts and that they actually served in that capacity. As there is no evidence that they did not take the statutory oath, it will be presumed that they did in fact take such oath. In the absence of evidence to the contrary, the acts of an election officer in the performance of a duty imposed upon him by law are presumed to have been legally performed. *State ex rel. Bumgardner* v. *Mills,* 132 W. Va. 580, 53 S. E. 2d 416, *Halstead* v. *Rader,* 27 W. Va. 806; *Loomis* v. *Jackson,* 6 W. Va. 613; 31 C. J. S. Evidence, Section 146.

If, however, it had affirmatively appeared that the election commissioners and the poll clerks who served as such

at the three precincts at which the votes assailed as invalid were cast did not in fact take the statutory oath required of them as election officers, their failure so to do would affect their qualifications to serve as such election officers, and the question of the qualifications of election officers to serve as such can not be considered or determined by a board of canvassers upon a canvass or a recount of the votes cast at an election. *Maynard* v. *Hammond,* 139 W. Va. 230, 79 S. E. 2d 295; *State ex rel. Bumgardner* v. *Mills,* 132 W. Va. 580, 53 S. E. 2d 416. A board of canvassers upon a canvass of election returns or a recount of election ballots is likewise without authority to hear and determine questions of fraud, intimidation or illegality in an election. *State ex rel. Bumgardner* v. *Mills,* 132 W. Va. 580, 53 S. E. 2d 416; *Reynolds* v. *Board of Canvassers of Harrison County,* 117 W. Va. 770, 188 S. E. 229; *Hatfield* v. *Board of Canvassers of Mingo County,* 98 W. Va. 41, 126 S. E. 708; *State ex rel. Hatfield* v. *Farley,* 97 W. Va. 695, 126 S. E. 413; *State ex rel. Mahan* v. *Commissioners of County Court of Fayette County,* 97 W. Va. 670, 125 S. E. 810; *Sanders* v. *Board of Canvassers,* 79 W. Va. 303, 90 S. E. 865. In *State ex rel. Bumgardner* v. *Mills,* 132 W. Va. 580, 53 S. E. 2d 416, in point 4 of the syllabus, this Court said: "Upon a recount of election ballots a board of canvassers may not consider or determine questions of fraud, intimidation or illegality in an election, the eligibility of a candidate, the validity of the appointment of precinct election officers, the qualifications of such election officers, or irregularities discoverable in the course of a recount which can be established only by evidence extrinsic to the election returns." See also *Maynard* v. *Hammond,* 139 W. Va. 230, 79 S. E. 2d 295.

The failure of the election officers who served as such at Precinct No. 10, Oak Hill, to certify the number of votes cast at that precinct for the candidates of the Democratic party and of the Republican party is a mere irregularity which in no wise affects the result of the primary election between the petitioner and his opponent for the Democratic nomination for the office of member of the State Senate from that senatorial district. The failure of the

election officers who served as such at Precinct No. 9, Oak Hill, Precinct No. 13, Oak Hill, and Precinct No. 21, Harvey, to subscribe the statutory oath, as shown by the election returns of those precincts, is likewise a mere irregularity which in no wise affects the result of the election at those precincts. Mere irregularities in a primary election consisting of the failure of the election officers at an election precinct to certify the number of votes cast at such precinct for the Democratic candidates and the Republican candidates and to subscribe the oath required by Section 16, Article 4, Chapter 3, Code, 1931, in the absence of fraud or misconduct which prevents a free expression of the will of the voters, will not vitiate an election conducted by such officers. *State ex rel. Revercomb* v. *Sizemore*, 124 W. Va. 700, 22 S. E. 2d 296. See also *Maynard* v. *Hammond*, 139 W. Va. 230, 79 S. E. 2d 295. In the *Maynard* case this Court held, in point 2 of the syllabus, that: "Irregularities in the conduct of an election, even though they constitute a violation of the election laws, not shown to have affected its result, will not vitiate an election in the absence of a showing of fraud or misconduct preventing the free expression of the will of the voters." The allegation, in the petition, of fraud at Precinct No. 13, Oak Hill, because the seal on the package containing the ballots cast at that precinct was broken when the package was presented to the board of canvassers during the recount, does not sufficiently charge fraud in the conduct of the election at that precinct. That the seal on the package containing the ballots was broken, in the absence of any allegation showing what happened to the ballots as a result of the breaking of the seal, does not constitute fraud in the conduct of the election; and even if fraud were sufficiently charged and established, that question can not be considered or determined upon a recount by a board of canvassers.

This Court has many times held that he who seeks relief by mandamus must show a clear legal right to the remedy. *Hockman* v. *County Court of Tucker County*, 138 W. Va. 132, 75 S. E. 2d 82; *State ex rel. Koontz* v. *Board*

*of Park Commissioners of the City of Huntington,* 131 W. Va. 417, 47 S. E. 2d 689; *State ex rel. Goloversic v. Arnold,* 128 W. Va. 272, 36 S. E. 2d 209; *Childers v. State Road Commissioner,* 124 W. Va. 233, 19 S. E. 2d 611; *Ebbert v. Bouchelle,* 123 W. Va. 265, 14 S. E. 2d 614; *Brumfield v. The Board of Education of Logan County,* 121 W. Va. 725, 6 S. E. 2d 238; *Rusinko v. Shipman,* 111 W. Va. 402, 162 S. E. 316; *Antonovich v. State Compensation Commissioner,* 110 W. Va. 273, 157 S. E. 591; *State ex rel. Woodyard Publications v. County Court of Hardy County,* 108 W. Va. 166, 150 S. E. 512; *State ex rel. Goshorn v. Johnson,* 102 W. Va. 629, 135 S. E. 899. The petitioner has not satisfied that requirement in this proceeding and, in consequence, the writ prayed for is denied.

*Writ denied.*