# CHARLESTON.

## J. G. LAMBERT v. INTER-URBAN MOTOR COMPANY

### (Nos. 5213, 5214 and 5215)

### Submitted May 5, 1925.   Decided May 12, 1925.

1. JUSTICE OF THE PEACE—*Appellee on Appearance on Day on Which Case Appealed from Justice is Set for Trial on Docket Under Rules of Circuit Court is Entitled to Trial of Case.*

    The prohibition of the statute as to the trial of a civil case in the circuit court on appeal from a justice within three months from the time the transcript and papers are filed with the clerk of the circuit court applies only to a trial had on motion of the appellant. The purpose of this provision is to protect the appellee in such case from surprise. However, the appellee, upon appearance on the day that such case is set for trial on the trial docket under the rules of the circuit court, is entitled to a trial of said case.   (p. 137.)

    (Justices of the Peace, 35 C. J. § 570 [1926 Anno.]).

2. APPEAL AND ERROR—*Party Failing to Demand Jury Trial in Case Appealed from Justice of Peace to Circuit Court Cannot Object on Appeal that Case was Tried Without Jury.*

    Under section 169, chapter 50, Code, which provides upon appeal of a civil action to the circuit court from a judgment of a justice that, if the sum in controversy exceed twenty dollars and, "if either party require it," a jury shall be impaneled to try the case in like manner as other juries are selected and impaneled in said court, a party to said suit who fails to make any demand for a jury in the circuit court cannot be heard to object in the appellate court that the case was tried without a jury.   (p. 137.)

    (Appeal and Error, 3 C. J. § 726). . .

    NOTE:   Parenthetical references by Editors, C. J.—Cyc.   Not part of syllabi.

Error to Circuit Court, Cabell County.

Three separate actions by J. G. Lambert against the Inter-urban Motor Company. From a judgment by a justice of the peace in each action for plaintiff, defendant appealed to the circuit court, and after its judgment in each case for

plaintiff, and overruling motion for new trial in each case, defendant brings error.

*Affirmed.*

*George S. Wallace,* for plaintiff in error.

WOODS, JUDGE:

In three separate actions before a Justice, each for the recovery of rent, judgments were entered for the plaintiff, J. G. Lambert, on March 31, 1924, May 2, 1924 and May 28, 1924, respectively. The defendant, Inter-urban Motor Company, appeared in each of said actions and made defense thereto, and following each judgment against it, gave an appeal bond. The transcripts of said judgments were severally filed with the Clerk of the Circuit Court, the third being filed with said Clerk on June 2, 1924. The Circuit Court convened on June 9, 1924, and these three cases placed on the trial docket for June 13, 1924. Lambert, the appellee, appeared in person, with his attorney, waived a jury and submitted the cases to the Court in lieu thereof, and on due proof judgments were entered against the appellant, Inter-urban Motor Company, in the sums of $273.67 and costs, $160.00 and costs, and $150.00 and costs, respectively. On June 14th, the Inter-urban Motor Company, by attorney, appeared and moved the Court to set aside the orders and judgments entered on the 13th instant, and grant it a new trial in each of said cases. This motion the Court overruled, and the Inter-urban Motor Company comes here on writ of error.

The plaintiff in error contends (1) that section 169, chapter 50, Code, forbids a hearing in the Circuit Court in less than three months from the time the transcript and papers are filed with the clerk, unless appellee has been served with notice thereof as required by statute; and (2) that since defendant (plaintiff in error here) appeared in each of the cases before the Justice, and issue was joined and judgment rendered, and an appeal taken, that the Circuit Court could not render a judgment unless a jury had been waived, and that there never was such a waiver on the part of the defendant, and that it was not in court at the time of said hearing.

The first point is without merit. Section 169, of chapter 50, Code, was enacted for the sole purpose of protecting the appellee in any such case from being surprised, and does not forbid a hearing if the appellee, without the statutory notice required, sees fit to make an appearance on the day the case is duly set for hearing on the circuit court docket. The statute in no manner aids the appellant, except, if it so desires, it may hasten a hearing by giving the proper ten days' notice required therein.

The second point, as we have stated, goes to the action of the court in trying the case in lieu of a jury. A proper consideration of this question makes it necessary to advert to the status of the Justice of the Peace in our judicial procedure. Though the office of Justice of the Peace dates from a remote period of the history of the English law, a Justice possesses no common law jurisdiction for the trial of causes. The only powers which he can exercise are those conferred upon him by the constitution and statute of his state. His court is one of special and limited jurisdiction, and none exists except where it is distinctly and expressly conferred. The powers and authority of a Justice in our state are derived from the constitution and the Code of the state and the acts passed since the adoption of the Code. If the jurisdiction sought to be exercised is not attributable to one of these sources none exists. "Matters of mere form are dispensed with, and the same technicality is not required as in suits in a court of record. The real object being to obtain substantial justice, great liberality is indulged with respect to these proceedings." 35 C. J. 552. Section 49, chapter 50, Code, provides that there shall be but one form of action which shall be denominated a civil action. And each action is a special action on the particular case, and the complaint must state in a plain and direct manner the facts constituting the cause of action. *O'Connor* v. *Dils*, 43 W. Va. 54. On appeal to the circuit court, it is the duty of said court to try the case *de novo,* upon the pleadings made up in the justice's court, or to permit the pleading to be amended before or during trial of appeal when substantial justice will be promoted by such amendment. Article 8, section 28, of the State Constitution contains this clause:

"Appeals shall. be allowed from judgments of justices of the peace in such manner as may be prescribed by law." Chapter 50, sections 164 to 169, Code, provides the mode of appeal in civil actions, such as we have here. The last section relates to the procedure on the appeal in the circuit court. It contains this express provision: "If the sum in controversy exceed twenty dollars *and either party so require,* a jury * * * shall be selected and empaneled to try the cause in like manner as other juries are selected and empaneled in said court." This statute conforms to our constitutional requirement of right to jury trial in civil cases. Art 3, sec. 13, Constitution W. Va. A fair construction of the words employed in said statute clearly indicates that a party desiring a jury trial in the circuit court on an appeal from a justice, must "require"—demand it. This construction has been placed on this section by this court in *Watson* v. *Hurry,* 47 W. Va. 809, where Judge English, speaking for the Court, defines the right of the parties thereunder to have a trial in the circuit court "either before the court or a jury." This construction is not in conflict with *Salzer* v. *Schwartz,* 88 W. Va. 569, cited by counsel for appellant in his brief. That was an action at law in the circuit court, and subject to strict rules of pleading. Section 29, chapter 116, and section 7, chapter 131, Code, construed in that case, relate to waiver of jury in actions in the circuit court. There the Court properly held that some positive act is necessary to *waive* a jury. On the contrary, the statute authorizing an appeal from a justice requires a positive act to *secure* a jury trial. Again, the trial of actions at law are governed by common law rules. Under the statute, cases on appeal from a justice are triable in the circuit court on principles of law and equity and judgment rendered as the right shall appear. *Cook* v. *Continental Casualty Co.,* 82 W. Va. 250. The legislature put it in the power of either litigant on such appeal to have his case tried in the circuit court by a jury if he so required. Such provision is not a denial of the constitutional right of a trial by jury. It is a reasonable regulation. Cooley on Const. Lim. (7th Ed.) 591; *Garrison* v. *Hollins,* 2 Lea (Tenn.) 684; *Foster* v. *Morse,* 132 Mass. 354; *Sutton* v. *Gunn,* 86 Ga. 652; *Greatson*

v. *Keteltas,* 17 N. Y. 491. The appellant company appeared by counsel before the justice, and entered a plea in each action. On an adverse decision it appealed to the circuit court. At the trial in the circuit court there was no appearance on its behalf. It being a continuation of the same suits, the appearance before the justice operated for all purposes for said company's presence throughout all steps of the proceeding to judgment. *Bratt.* v. *Marum,* 24 W. Va. 652; *Salzer* v. *Schwartz, supra.* The plaintiff being ready for trial, and no jury required, proved his case in each instance and the circuit court rendered judgments in his favor. Such action meets the requirement of this Court in *Pickenpaugh* v. *Keenan,* 63 W. Va. 304. The defendant made no demand for a jury. It made no demand either for a jury before the justice. In 35 C. J. 210, the rule is stated: "A party who fails to make such demand will be held to have waived his right and cannot afterward object that the case was tried without a jury." This general doctrine is supported by the decisions of three-fourths of the states of the Union. Of course, this rule holds where statutes require a demand. By analogy the same rule would govern here. The defendant took its appeal in the light of the requirement of this statute. It is not in position to complain. The object of the statute doubtless is to secure trials of such actions without the expense of a jury unless either of the parties requires it.

Should appellant's motion for a new trial have been granted? · The statute requires the justice to transmit the transcript to the clerk of the circuit court and on receipt thereof it provides that the clerk shall file the same and docket the appeal. This was done in these cases. The clerk followed the custom of the court in docketing these cases for trial on the third day of the term. This court has held that rules for docketing of cases adopted by a court not in excess of its authority have the effect of law as to proceedings conducted in such court. The interpretation placed upon the rule will be followed by the Supreme Court unless such construction is in violation of the plain terms of the rule, or some organic or statutory law. *Star Piano Co.* v. *Burgner,* 89 W. Va. 475. The defendant company having appealed the case

to the circuit court was charged with notice of such rules.
The clerk notified it that the cases were on the trial docket
for the term. This was in answer to a letter of inquiry
directed to the clerk by attorney for appellant nearly a month
before the trial. The fact that the clerk further stated
that he did "not know whether or not they will try either,"
would not absolve the defendant (appellant) from making
further effort to ascertain whether or not trial would be had.
The appellant must always be ready. The orderly and proper
administration of justice demands a reasonable degree of
diligence from litigants in the preparation for and trial of
cases. We cannot say that the trial court abused its dis-
cretion in refusing to set aside the judgments.

*Affirmed.*