MIKE RUSINKO, INFANT *v.* HON. JAMES F. SHIPMAN, JUDGE, *et al.*

(No. 7254)

Submitted January 13, 1932. Decided January 19, 1932.

*Martin Brown,* for relator.

HATCHER, PRESIDENT:

This is a proceeding in mandamus. On January 7, 1931, the petitioner obtained a judgment for $49.25 against Cecil Riggs before a justice in Marshall County. Riggs filed an appeal bond of $100.00 on January 17, 1931. A transcript of the proceedings, together with all the papers in the case, was received from the justice and filed by the clerk of the circuit court of Marshall county, on February 3, 1931. Two regular terms of the court then passed without action by either party. At the third term thereafter, petitioner asked the court to enter judgment in his favor against Riggs and his bondsman. The court refused to do so, for the reason that petitioner had made no deposit with the clerk of the court as required by court rule No. 41, and the case was therefore not regularly upon the docket. The petition herein narrates the above facts, quotes the rule No. 41, and prays that the judge of the circuit court be required ''to decide the question raised by said petition, whether or not the plaintiff therein is entitled to judgment against the said Cecil Riggs and his surety on his appeal bond.''

The court rule No. 41 is as follows:

> "In any civil case appealed to this Court from a Justice's Court there shall be a reasonable deposit of money for the services to be performed by the Clerk or Sheriff. Such deposit shall be made in advance of docketing, by the party or parties for whom such services are to be performed, in the manner and amount prescribed by the Clerk of this Court."

Code 1931, 50-15-9, makes the following requirement: "A Clerk of the court to which the appeal is taken on receiving such transcript and papers shall file the same and docket the appeal." Chapter 35 of the Acts of 1931 was not in effect in February, 1931, and we find nothing in the Code of 1931 which authorizes a court rule requiring payment in advance to a clerk for docketing an appeal from a justice. To the contrary, Code, 59-1-20, interdicts such a requirement. (Code, 59-1-33, applying only to actions, suits and proceedings instituted in the circuit court.) Consequently, it was the duty of the clerk in the instant case to have forthwith entered it on the docket of the February Term, 1931, of the circuit court of Marshall county, which, acording to Code, 51-2-1b, commenced on the second Tuesday of February. In mandammus, however, the relator must show a clear legal right to the remedy he seeks. *Antonovich* v. *Commissioner*, 110 W. Va. 273. 157 S. E. 591. A court is not required to render judgment under Code, 50-15-10, unless (1) the appeal is regularly placed upon the docket, and (2) neither party has brought "the case to a hearing before the end of the second term therafter at which it is called for trial." We are agreed that the case should have been docketed on February 3, 1931, when the papers were received by the clerk, and that the law will consider the case as if it had been properly docketed at that time. We are divided on the next question, to-wit, the calling of the case for trial. The majority of the court is of opinion that this condition in the statute requires an actual calling of the case, and that as the case was not really on the docket, it was not called for trial. Code, 56-6-1, re-

quires the circuit clerk to make out a docket before every term of the circuit court and also requires that such docket *shall be called.* My view is that if the instant case is placed on the docket by theory of law, consistency with that theory requires us to hold further that in legal contemplation the case was called for trial. However, the failure of the majority to extend the theory as far as I would is not of such serious import as to warrant a breach between us, and I bow to its practical construction.

As the case was never called for trial, the petitioner was not legally entitled to a judgment, and the writ is refused.

*Writ refused.*