JOHN GIBSON *v.* HENRY THORN

(No. 9021)

Submitted October 8, 1940. Decided December 14, 1940.

*Dayton R. Stemple*, for plaintiff in error.
*William T. George, Jr.,* for defendant in error.

KENNA, JUDGE:

This proceeding originated in the court of a justice of the peace in Barbour County. The plaintiff, John Gibson, sued Henry Thorn for $300.00. On August 1, 1938, both appeared before the justice and the plaintiff having filed no statement of account, judgment for $19.55 was rendered for defendant, based upon what appears to have been a detailed verified statement of a counter-claim filed by the defendant. On the same day, the plaintiff filed an appeal bond before the justice with approved sureties

and on August 29th, a certified transcript of the proceeding before the justice was received in the office of the circuit clerk. The ensuing term of the Circuit Court of Barbour County commenced October 24th. At that time, as well as at the February term, 1939, there is no record of an appearance nor of the entry of an order. At the May term, 1940, the matter was set for trial on May 31st, and on that day, an order was entered showing its continuance until June 1st, when it was passed until June 2nd. On that day, the plaintiff appeared, filed his statement of account and the defendant being thrice called and not appearing, submitted the case to the court in lieu of a jury and a judgment was rendered in his favor for $152.09, together with costs.

On the nineteenth day of June, the defendant, Thorn, appeared and filed his motion in writing to vacate the judgment and his plea of the general issue. The motion to vacate was overruled and Thorn was granted a stay of ninety days on the filing of a bond containing the required condition in the penalty of two hundred dollars. The affidavits filed to sustain his motion to vacate having been made a part of the record by a bill of exceptions, a writ of error and supersedeas was granted by this Court October second.

As we view the record before us, the only question here involved is whether Code, 50-15-10, is to be regarded as mandatory, and if so, what constitutes a full compliance with its terms so that its mandatory effect is brought into operation.

The primary purpose of the section referred to is to accelerate the disposal of appeals from the courts of justices of the peace. The amount in controversy being limited to three hundred dollars and the required appellate amount being but fifteen dollars, the accumulation of so-called legal "dead wood" upon the dockets of the appellate courts became so burdensome and involved that in 1931 the Revisers recommended the adoption of what is now Code, 50-15-10. It provides that if neither party brings the case to a hearing before the end of the second term at

which it is called for trial, unless good cause for a continuance is shown, the court shall render judgment in favor of the party prevailing before the justice, to the same effect and for the same amount as the judgment rendered by the justice. The sureties upon the appeal bond are specifically included if the judgment is against appellant. It will be noted that the statute provides by implication for judgment after the end of the second term, and nevertheless, specifies that it shall be entered unless good cause be shown for a continuance. To treat the merits of the controversy as being before the court after the expiration of the two terms specified in the statute because the statute speaks of a possible continuance, we think, would be to strip the statute of its entire effect. The evident purpose of the provision is to allow the trial court ample time to examine the record and to arrive at a conclusion if the entry of judgment is resisted.

The question of whether this appeal was regularly placed upon the docket as is required by the statute under consideration we believe is settled by the fact that it is evident the proceeding was upon the May, 1939, docket, although the record does not disclose anything bearing upon that fact except that the transcript was received in the circuit clerk's office on August 29, 1938, or more than thirty days before the opening of the October term. Without indulging in the presumption that the statutory provisions were complied with, we think the inescapable factual conclusion is that the case was properly docketed, and if so, that it was on the docket for the preceding October term. Otherwise, being upon the May docket, it would have to be presumed that it got there irregularly.

The record before us does not show that the case was called for trial at either the October, 1938, or the February, 1939, term.

Defendant in error advances the contention that under the holding of this Court in the case of *Rusinko* v. *Shipman*, 111 W. Va. 402, 162 S. E. 316, it is necessary before the provisions of Code 50-15-10, require the re-entry of the justice's judgment that the proceeding be called for

trial at two immediately preceding terms. One of the strongest presumptions known to the law is that until the contrary appears, courts are presumed to have correctly followed the required routine. We believe that it follows from the proper compiling of a docket that at the end of the term for which it was prepared each case thereon is presumed to have been called for trial, and will be regarded as having been until and unless the contrary is shown. In the *Shipman* case, it was affirmatively shown that the case was not actually upon the docket. Here there is no direct showing as to whether the case was or was not docketed.

Feeling that there is almost an inescapable inference from the proof that this case was properly docketed in the Circuit Court of Barbour County prior to the opening of its October, 1938, term, and that treating it as a case properly docketed, in the absence of a contrary showing, it is to be presumed that it was called for trial at both the October and February terms, it follows that the mandatory provisions of Code, 50-15-10, require an entry of the same judgment as the one under review against the plaintiff below, who is the appellant in the circuit court, and the surety upon the appeal bond given before the justice of the peace.

*Reversed; remanded.*