STATE *ex rel.* STEYLE HOLDERMAN *et al. v.* LLOYD ARNOLD, *Judge, etc.*

(No. 9696)

Submitted April 13, 1945. Decided May 8, 1945.

*J. W. Rickey,* for petitioners.
*Martin Brown,* for respondents.

LOVINS, PRESIDENT:

This Court on petition of Steyle Holderman and Mary Elizabeth Holderman awarded a rule in prohibition requiring the Honorable Lloyd Arnold, Judge of the Circuit Court of Marshall County, Porter Richards, sheriff of said county, and Joseph Goloversic to show cause why a writ

of prohibition should not issue to prevent enforcement of a judgment rendered by the Circuit Court of Marshall County. The facts are undisputed.

A Justice of the Peace of Marshall County on June 16, 1944, rendered a judgment for fifty dollars and costs in favor of Goloversic against petitioner, Steyle Holderman on an unliquidated demand. Holderman perfected an appeal to the Circuit Court of Marshall County by giving an appeal bond with his wife, Mary Elizabeth Holderman as surety thereon, and making the necessary deposit for costs. The transcript of the justice and the appeal bond were filed in the office of the clerk of the circuit court on August 2, 1944. On the first day of the October, 1944, term of the Circuit Court of Marshall County, which was the first regular term after filing of the transcript and bond, the respondents were called three times, failed to appear, and on motion of Goloversic the judgment of the justice of the peace was affirmed and judgment rendered in favor of Goloversic against petitioners for fifty dollars and costs. No proof in support of said judgment was introduced. An execution on the judgment was issued after the adjournment of the term at which the judgment order was entered, and Hazen Fair, who was Sheriff of Marshall County at that time, levied on an automobile presumably the property of the petitioners.

Petitioners now seek to prevent the enforcement of the judgment on the ground that the Circuit Court of Marshall County exceeded its legitimate power in entering the order above mentioned. Respondents take the position that petitioners have an adequate remedy by motion to quash the execution issued on said judgment, and are, therefore, precluded from invoking the extraordinary remedy of prohibition.

That the Circuit Court of Marshall County has authority, on appeal, to hear and determine the issues involved in the action brought before the justice of the peace is not challenged. But petitioners assert that the circuit court lacked power and authority to affirm the judgment of the justice of the peace at the first regular term after the ap-

peal was docketed and to render judgment against petitioners without proof in support thereof.

It will be noted that the civil action heard and determined by the justice of the peace and now pending on appeal in the Circuit Court of Marshall County was grounded on a unliquidated demand as distinguished from a civil action brought "upon an action for money due on contract"; and therefore the provisions of Code, 50-4-17, do not apply.

An appeal from the judgment of a justice of the peace vacates and annuls such judgment. *Chenowith* v. *Keenan,* 61 W. Va. 108, 55 S. E. 991; *Pickenpaugh* v. *Keenan,* 63 W. Va. 304, 60 S. E. 137; *Elkins* v. *Michael,* 65 W. Va. 503, 64 S. E. 619. Where an appeal has been taken from a judgment of a justice of the peace on the trial of the action in the appellate court, subject to the modification hereinafter noted, a plaintiff must prove his case. *Elkins* v. *Michael, supra.* The holdings of this Court in *Chenowith* v. *Keenan, supra; Pickenpaugh* v. *Keenan, supra;* and *Elkins* v. *Michael, supra,* have been partially modified by enactment of Code, 50-15-10.

After the end of the second term of court, under conditions therein stated, the statute above mentioned authorizes and requires the rendition of a "* * * judgment in favor of the party prevailing before the justice, to the same effect and for the same amount as the judgment rendered by the justice * * *." For application and effect of the statute, see *Rusinko* v. *Shipman,* 111 W. Va. 402, 162 S. E. 316; *Fleming* v. *Dent,* 120 W. Va. 691, 200 S. E. 35; *Gibson* v. *Thorn,* 122 W. Va. 716, 12 S. E. 2d 535. An appellate court, however, is not authorized to enter judgment for the party prevailing before a justice of the peace until the end of the second term after the appeal has been regularly placed upon the docket. Here, the appeal having been perfected and the appeal bond and transcript received from the justice by the Clerk of the Circuit Court of Marshall County on August 2, 1944, the appeal was docketed as of that day. *Rusinko* v. *Shipman, supra.* The next regular term of the Circuit Court of Marshall County after the appeal was docketed commenced on the second Tues-

day in October, 1944. Code, 51-2-1b. The judgment against petitioners having been entered at the October term, 1944, by the Circuit Court of Marshall County, Code, 50-15-10, has no application to this proceeding.

In the interval between the docketing of the appeal and the end of the second term of a court to·which such appeal is taken, the judgment is suspended by the giving of the appeal bond and making the necessary deposit for costs. During such interval the court wherein such appeal is pending has no power to affirm the judgment of the justice, nor can a judgment in favor of the prevailing party be entered during such interval without proof to sustain it. We hold that the Circuit Court of Marshall County had no power at the October term, 1944, to affirm the judgment in favor of Goloversic or to enter judgment against the petitioners without proof. *Elkins* v. *Michael, supra.* In so doing the Circuit Court of Marshall County exceeded its legitimate powers.

We do not agree with the contention of respondents that another and adequate remedy exists. It may be that petitioners could have caused the execution to be quashed on their motion. Nevertheless the judgment pronounced in the order entered by the Circuit Court of Marshall County would remain as the pronouncement of the court, and such judgment, being for less than the sum of one hundred dollars, could not be reviewed by this Court on writ of error. The remedy by motion to quash the execution would be neither adequate nor complete, and no other means of relief against said judgment is here presented. Since the term of court at which the order was entered has adjourned, the order has become final and the trial court cannot alter its records. The Circuit Court of Marshall County had jurisdiction of the action, exceeded its lawful power in entering said order, and the writ of prohibition lies to prevent further proceedings based on the judgment ostensibly rendered by said court. *White Sulphur Springs* v. *Ripley,* 124 W. Va. 486, 20 S. E. 2d 794.

What has been said herein does not affect the validity and pendency of the appeal perfected by petitioners in the Circuit Court of Marshall County. The action was trans-

ferred to that court by the appeal and has not been heard and determined.

In accord with the foregoing we award a writ of prohibition directed to the Judge of the Circuit Court of Marshall County, the sheriff of said county, and the judgment creditor, Goloversic, prohibiting the enforcement of the judgment pronounced against petitioners by said court.

*Writ awarded.*