STATE *ex rel.* JOHN BIKA, SR.

*v.*

HON. BEN H. ASHWORTH, JUDGE, *etc., et al.*

(No. 9760)

Submitted September 5, 1945.   Decided September 18, 1945.

*George W. Williams*, for petitioner.
*W. A. Thornhill, Jr.*, for respondents.

HAYMOND, JUDGE:

This proceeding in mandamus originated in this Court because of the refusal of the Judge of the Circuit Court of Raleigh County, by order entered May 23, 1945, in a civil action therein pending on appeal, to grant the motion of relator, made at that time, to enter judgment in his favor to the same effect and for the same amount as the judgment rendered by the justice and for the costs of the appeal, against respondents Tony Pauletto and Constantino Gara, who signed the appeal bond. The action in which the appeal was pending in said court from the judgment of a justice of the peace of said county, rendered upon a claim involving unliquidated damages, on the 25th day of August, 1942, in favor of the relator, John Bika, Sr., against Tony Pauletto, for $221.10 and $4.75 costs, was regularly docketed for hearing at the regular November Term, 1942. The case is here upon the verified petition of relator, the joint demurrer thereto of all respondents, and their unverified answer to said petition. No brief was filed in this Court in behalf of respondents.

The petition invokes the relief claimed by relator under Ch. 50, Art. 15, Sec. 10 of the Code of West Virginia, which provides that if, after an appeal from the judgment of a justice of the peace, regularly placed upon the docket of the appellate court, neither party brings the case to a hearing before the end of the second term thereafter at which it is called for trial, the court, unless

good cause for continuance be shown, shall render judgment in favor of the party prevailing before the justice, to the same effect and for the same amount as the judgment rendered by the justice, and in addition, if the judgment was against the appellant, the judgment of the appellate court shall be against the appellant and the signer of his bond and shall include the costs of the appeal. This statute first appears in the Code of 1931, and the primary purpose of the Legislature in enacting it was to expedite hearing and termination of appeals from the judgments of justices of the peace. *Gibson* v. *Thorne*, 122 W. Va. 716, 12 S. E. 2d 535. Relator asserts that, by virtue of the statute, he is entitled to the rendition by the circuit court in which the appeal is pending of a judgment in his favor against the respondents Pauletto and Gara, the latter of whom signed the appeal bond, to the same effect and in the same amount as that rendered by the justice, including the costs of the appeal.

The answer of respondents to the petition is not under oath, as required by Ch. 53, Art. 1, Sec. 6 of the Code. Relator interposed no demurrer to the answer, but the omission of the verification is complained of in his brief, and he asks this Court to reject the answer. Defects of this character should be challenged by written demurrer, Code, 56-4-36, and the failure of the relator so to do waives the lack of a verification. Accordingly we have considered the allegations of the answer in the hearing of this proceeding.

From the allegations of the petition it appears that the appeal from the judgment rendered by the justice of the peace on August 25, 1942, was regularly docketed in the circuit court and matured for trial at the regular term of said court in November, 1942, that no order of continuance for good cause was ever entered in the case, and that, although nine regular terms of court were held and concluded between the end of the November, 1942, term and the regular May, 1945, term of said court, at

which the order of May 23, 1945, was entered refusing the motion of relator that the circuit court render in his favor the same judgment as that rendered by the justice of the peace, the case was never brought to hearing by either party. These facts, unless successfully controverted, bring this case within the provision of the statute. The demurrer, although assigning several specific grounds, all of which are without merit, raises no valid defense to the relief sought by the petition. For this reason the demurrer is overruled. The answer of respondents contains no denial of the allegations of the petition relating to the docketing of the appeal, the absence of good cause for a continuance, or the failure to bring the case to trial. Neither does it charge that any continuance of the case was granted for good cause. Because of these omissions the answer interposed no defense to the claim of relator as stated in the petition.

In considering the statute now before the Court, this Court has held that the duty imposed by its terms upon the judge of an appellate tribunal, in circumstances substantially similar to those which here exist, is mandatory and that mandamus is the appropriate remedy to require the rendition of the judgment provided for by the statute. *Fleming* v. *Dent*, 120 W. Va. 691, 200 S. E. 35. We recognized and gave effect to the mandatory character of the statute in a later case brought here by writ of error in which the circuit court conducted a hearing after the expiration of the second term subsequent to the time the appeal from the justice of the peace was regularly docketed and -called for trial and in which it entered a different judgment from that entered by the justice. *Gibson* v. *Thorne, supra.* In the light of these decisions, the refusal of the circuit court to follow the command of the statute entitles the relator to relief by mandamus.

One contention of respondents implies that the action of the circuit court, at the hearing on May 23, 1945, to determine the existence of good cause for continuance,

in overruling the motion of the relator for the entry of judgment in his favor, constitutes or tends to constitute a showing of good cause. This contention we reject. Neither the order of May 23, 1945, nor anything in the record, discloses the character of the evidence heard by the court or the facts to which the several witnesses testified. The record contains no evidence from which this Court can say whether good cause for continuance in fact existed, and there is no specific finding by the court of the existence of good cause. To hold that this action of the court, in the circumstances of this case, established good cause, would enable the judge of a court, in every case covered by the statute, by his mere decision, whether good cause for continuance did or did not in fact exist, to circumvent the statute and to defeat its plain purpose. The action of the circuit court in denying the motion of relator, in the absence of evidence disclosed by the record establishing good cause or a specific finding by the court of its existence, does not satisfy the requirements of the statute. The circuit court, being a court of record, speaks only by its record, and what does not so appear does not exist in law. *Meyers* v. *Land Co.*, 107 W. Va. 632, 149 S. E. 819; *Trust Co.* v. *Todd*, 101 W. Va. 31, 131 S. E. 638.

In view of what has been said in resolving the controlling question in this case, it is unnecessary to discuss the other contentions advanced in the demurrer and the answer of respondents.

The writ of mandamus as prayed for in the petition is granted.

*Peremptory writ awarded.*