STATE *ex rel.* JOSEPH GOLOVERSIC

*v.*

ARNOLD, *Judge, etc., et al.*

(No. 9776)

Submitted October 2, 1945.   Decided November 27, 1945.

*Martin Brown,* for petitioner.
*J. W. Rickey,* for respondents.

HAYMOND, JUDGE:

The relator seeks a peremptory writ in this original proceeding in mandamus to require the Judge of the

Circuit Court of Marshall County, West Virginia, to enter judgment in his favor against respondents, Steyle Holderman and Mary Elizabeth Holderman, signer of the appeal bond, to the same effect and for the same amount as the judgment rendered by a justice of the peace of that county on June 16, 1944, and for costs, as provided by Code, 50-15-10. The proceeding is before this Court upon the petition of the relator, the answers of the respondents, the general replications of the petitioner, and the record of the proceedings had in the circuit court in which the appeal from the judgment of the justice of the peace is pending.

On June 16, 1944, the relator, Goloversic, obtained a judgment against the respondent, Steyle Holderman, upon an unliquidated demand, in a civil action, before a justice of the peace of Marshall County, for fifty dollars, with interest and costs. An appeal having been taken to the circuit court of that county, the case was docketed for trial at the October Term, 1944. On October 10, 1944, the first day of that regular term of the circuit court, it was called for trial, and, the Holdermans not appearing, the court, without hearing any proof, entered, at the instance of Goloversic, the same judgment in his favor as was rendered by the justice of the peace, and for costs. Final judgment having been entered, the case was retired from the docket during the October Term, 1944. Thereafter, an execution having been issued on the judgment, the Holdermans obtained a writ of prohibition from this Court which inhibited the Judge of the Circuit Court of Marshall County, Goloversic, and the sheriff of that county, from enforcing the judgment. *State ex rel. Holderman* v. *Arnold, Judge,* 127 W. Va. 562, 34 S. E. 2d 15. The writ was awarded by this Court on May 8, 1945, and subsequently, at the next ensuing regular term of the circuit court, on June 12, 1945, the first day of the term, the case was again placed upon the docket for trial. On that day Steyle Holderman, the defendant therein, appeared by counsel and demurred to the written complaint of the plaintiff.

Goloversic, which had been filed by him before the justice of the peace. The order filing the demurrer recites that both parties appeared by counsel at the time the demurrer was filed. On the same day, Goloversic, by his attorney, moved the court to enter judgment in his favor against the Holdermans. This the court refused to do on June 13, 1945; and on that day the court sustained the demurrer of the defendant to the complaint of the plaintiff. Later in the same term of court, on July 5, 1945, the plaintiff then not having amended his complaint, the defendant made a motion to dismiss the case. The court overruled the motion and gave the plaintiff until the first day of the next regular October Term, 1945, to file an amended complaint. This was the status of the case when the relator applied to this Court for relief by mandamus.

Between the regular October Term, 1944, and the regular June Term, 1945, the regular February Term, 1945, was held, and during that term no proceedings were had in the case.

The relator insists that he is entitled to the writ prayed for in this Court because, the case having been regularly placed upon the docket at the October Term, 1944, and not having been brought to a hearing by either party before the end of the second term thereafter at which it was called for trial, the circuit court should have rendered judgment in his favor at the June Term, 1945, as provided by Code, 50-15-10.

The statute relied on is as follows:

> "If, after the appeal is regularly placed upon the docket, neither party brings the case to a hearing before the end of the second term thereafter at which it is called for trial, the court, unless good cause for a continuance be shown, shall render judgment in favor of the party prevailing before the justice, to the same effect and for the same amount as the judgment rendered by the justice, and, in addition thereto, if the judgment rendered by the justice was against the appellant, then the judgment of the

circuit or other appellate court, where there has been such failure to bring the case to a hearing, shall be against the appellant and those who signed the bond, as is provided in the following section of this article. But in every case where there has been such failure to prosecute an appeal, the circuit or other appellate court shall render judgment for the costs of the appeal against the appellant and those who signed the bond."

This contention is without merit for the obvious reason that the second term after the case was docketed and at which it was called for trial did not occur until the regular June Term, 1945, and that term had not ended when the relator moved for judgment on June 12, 1945. The action was not on the docket and was not; and could not have been, called for trial at the preceding regular February Term, 1945. The showing made by relator does not bring the case within the terms of the above quoted statute, and he is not entitled, by mandamus, to the relief which the statute affords when its requirements are satisfied. The situation disclosed by the pleadings and the record in this proceeding is different from that which appeared in *Fleming* v. *Dent*, 120 W. Va. 691, 200 S.E. 35, and the holding of that case does not here apply. In order to obtain relief in mandamus, the relator must show a clear legal right to the remedy he seeks. *Antonovich* v. *Commissioner*, 110 W. Va. 273, 157 S.E. 591; *Brumfield* v. *Board of Education*, 121 W. Va. 725, 6 S.E. 2d 238; *Ebbert* v. *Bouchelle*, 123 W. Va. 265, 14 S.E. 2d 614. A court is not required to render judgment under the statute unless the appeal is regularly placed upon the docket, and, without good cause for continuance, neither party brings the case to a hearing until after the occurrence of the event specified by its terms, which is the end of the second term thereafter at which the case is called for trial. *Rusinko* v. *Shipman, Judge*, 111 W. Va. 402, 162 S.E. 315.

In the brief filed in behalf of relator the argument is advanced that an expression contained in the opinion of

this Court in the case of *State ex rel. Holderman* v. *Arnold, Judge*, 127 W. Va. 562, 34 S.E. 2d 15, to the effect that anything stated therein did not affect the validity and the pendency of the appeal in the Circuit Court of Marshall County, justifies and requires the issuance of the writ prayed for here. That argument is without force or effect. Even a cursory reading of the opinion in that case should indicate clearly that the question of the procedural status of the appeal from the judgment of the justice was not before or considered by the Court, and that no pronouncement was made on that point.

As it sufficiently appears that the case presented by the relator is not within the provisions of Code, 50-15-10, the prayer of the petition is denied.

*Writf refused.*