MARYLAND TRUST COMPANY

*v.*

I. N. GREGORY, ET AL.

(No. 10046)

Submitted September 27, 1949. Decided November 15, 1949.

LOVINS, JUDGE, not participating.

FOX, JUDGE, dissenting.

No appearance in person or by counsel for plaintiffs in error.

*Wolverton & Callaghan,* for defendant in error.

KENNA, JUDGE:

This proceeding was instituted by Maryland Trust Company before W. M. Case, then a justice of the peace in Webster County, against I. N. Gregory, J. R. Gregory, Bennett. Gregory and J. H. Gregory on the 6th day of September, 1941, seeking to recover $170.25 alleged to be the unpaid balance on a note signed by the defendants as co-makers, payable to the Citizens Bank of Richwood, in the sum of $700.00 in four months from May 14, 1931, the date of the note, interim curtailments having kept the note alive. On October 1, 1941, judgment was rendered for the plaintiff and the defendants appealed to the Circuit Court of Webster County. After the passage of the January, May and September terms in 1942 and the January term of 1943 without good cause for a continuance having been shown, the case was tried at the May term, 1943, resulting in a hung jury. The September term, 1943, and the January, May and September terms, 1944, together with the January term, 1945, passed with nothing being done. At its May term, 1945, the Circuit Court of Webster County sustained a motion to dismiss after it had been suggested of record that the note in controversy had been assigned to C. E. Lawhead. From the order of dismissal this Court granted a writ of error, reversed that order, holding that the case should have been revived in the name of C. E. Lawhead, and upon remand effective June 24, 1946, the Circuit Court of Webster County at its next ensuing term on September 9, 1946, entered its order reviving the case in the name of C. E. Lawhead as plaintiff. Nothing further was done at the September term, 1946, in that court. On January 27, 1947, the Circuit Court of Webster County, nothing having been

done at that term which convened on the second Monday in January, entered its order reciting the disqualification of the judge and transferring the case to the Circuit Court of Nicholas County, where it was docketed to be heard at its term convening on the third Tuesday in February. Nothing was done at that term. On May 27, 1947, neither party having brought the case to a hearing before the end of that term which convened on the third Tuesday, the Circuit Court of Nicholas County granted a motion that it render judgment in favor of the party prevailing before the justice, in this instance C. E. Lawhead, assignee of Maryland Trust Company. To that judgment the defendants below were granted this writ of error.

There was no appearance in this Court on behalf of the plaintiff in error.

The statute pursuant to which the Circuit Court of Nicholas County was acting is Code, 50-15-10. The section cited reads as follows:

> "If, after the appeal is regularly placed upon the docket, neither party brings the case to a hearing before the end of the second term thereafter at which it is called for trial, the court, unless good cause for a continuance be shown, shall render judgment in favor of the party prevailing before the justice, to the same effect and for the same amount as the judgment rendered by the justice, and, in addition thereto, if the judgment rendered by the justice was against the appellant, then the judgment of the circuit or other appellate court where there has been such failure to bring the case to a hearing, shall be against the appellant and those who signed the bond, as is provided in the following section of this article. But in every case where there has been such failure to prosecute an appeal, the circuit or other appellate court shall render judgment for the costs of the appeal against the appellant and those who signed the bond."

This Court has held that the statute in question is to be literally enforced and its terms rigidly "pursued" because mandatory. We have held also that the benefit of

its provisions is not waived by subsequent appearances in the court entertaining the appeal from a justice of the peace nor lost by a judgment in that court against the party prevailing before the justice. *Gibson* v. *Thorne,* 122 W. Va. 716, 12 S. E. 2d 535; *Holderman* v. *Arnold,* 127 W. Va. 562, 34 S. E. 2d 15; *State* v. *Ashworth, Judge,* 128 W. Va. 1, 35 S. E. 2d 351; *Powers* v. *Trent,* 129 W. Va. 427, 40 S. E. 2d 837.

Under the holding of this Court in the *Gibson* case under Code, 50-15-0, the contrary not appearing, it is to be presumed that a case on appeal from a justice of the peace and placed upon the docket of an appellate court for trial *de novo,* was called for trial at each term the record shows it to have been on that docket.

This case was docketed in the Circuit Court of Webster County before its January term in 1942, and that term as well as the following May term elapsed without either the plaintiff or the defendants calling the case for hearing or having it continued for good cause shown. This circumstance caused Code, 50-15-10 to operate automatically, it having been the mandatory duty of the trial judge to see that its provisions were complied with. The fact that the case was thereafter tried and thereafter brought to this court by writ of error we think does not obstruct the operation of a mandatory statute. That is the effect of our decision of the *Gibson* case. If the attention of this Court had been directed to the record showing concerning nonappearances when this case was here before, the entry of a proper judgment under the controlling statute would then have been directed. But it was not. It cannot be said that the plaintiff before the justice, by going to trial in the circuit court without raising the question, waived the provisions of Code, 50-15-10. That section is mandatory. The provisions of a mandatory statute are not waived by implication. As this Court has said in the *Gibson* case, among others, the purpose of the statute under consideration is to accelerate the disposal of appeals from justices of the peace and to make the trial

*de novo* without further process as prompt and simple as possible. Perhaps the purpose of the Legislature was not to penalize the dilatory, but it was certainly its purpose to require courts of their own motion to avoid cluttered dockets chargeable to litigants' neglect. Being of that opinion, the judgment of the Circuit Court of Nicholas County is affirmed.

*Affirmed.*

Fox, JUDGE, dissenting:

I am unable to concur in the ruling of the majority in this case, and dissent therefrom.

The majority opinion is based on the theory that the failure to call a case for hearing for two terms or more after an appeal was docketed, and during the period prior to the decision of this Court in *Maryland Trust Co.* v. *Gregory*, 129 W. Va. 35, 38 S. E. (2d) 359, in which the decision of this Court became effective in June, 1946, furnishes sufficient basis for the entry of the judgment entered in the Circuit Court of Nicholas County at its May term, 1947; and apparently abandons the theory of the defendant in error that subsequent to the revival of the action at the September term, 1946, of the Circuit Court of Webster County, two terms had passed in which the defendant in the court below failed to bring the case to a hearing.

I do not question the mandatory character of Code, 50-15-10. That section is quoted in the majority opinion and provides that: "If, after the appeal is regularly placed upon the docket, neither party brings the case to a hearing before the end of the second term thereafter at which it is called for trial, the court, unless good cause for a continuance be shown, shall render judgment in favor of the party prevailing before the justice, * * *.", and then goes on to provide the character of the judgment which shall be entered. However, the fact that the statute is mandatory in character does not require the court to enter a judgment in favor of the party prevailing before the justice, until a motion has been made for the entry

of such a judgment. While it may be true that the provisions of a mandatory statute are not waived by implication, this does not mean that such provisions cannot be waived; and I contend that if a party entitled to a judgment does not move for the same, but instead joins in a trial of the case, he cannot thereafter, in effect, have the verdict of a jury and the judgment of a court set aside, and revert to a right which might have existed in his favor, but which he did not invoke. Therefore, when, after a two term delay, when the prevailing party before the justice could have, on his motion, required the court to enter the judgment of the justice, but failed to do so, and participated in the trial of the case, he thereby waived any right he had to invoke the statute on grounds existing prior to the date of trial. In this case there was a trial of the action in the Circuit Court of Webster County in which the jury disagreed, and it may be that thereafter, for some reason not disclosed by the record, there was a failure to try the case for two terms or more; but thereafter the circuit court refused to revive the case in the name of Lawhead, the beneficial owner of the judgment entered by the justice, and when on the writ of error to the circuit court's order, refusing to revive the case, the prevailing party before the justice not only participated in, but actually prosecuted the appellate proceedings in this Court, thereby electing his remedy, I am of the opinion that he thereby waived any right he may have had to move for the entry of the judgment which the justice rendered in the case, on any ground existing before the appellate proceeding in this Court. This Court at the instance of the plaintiff below, reversed the judgment of the Circuit Court of Webster County, and held that the case should be revived. The case was revived at the September term, 1946, of the Circuit Court of Webster County, and, in my opinion, the right of the party prevailing before the justice to have a judgment entered by the circuit court in his favor, after the lapse of two terms after the term of court at which the case could have been called for trial, depends on whether or not, after

the September term, 1946 aforesaid, two such terms had passed.

When we come to the developments in the case subsequent to its revival at the September term, 1946, it is clear to me that the case could not be called for trial at that term, because it could not have been on the trial docket at the beginning of that term. It was revived while the term was in progress. So, in my opinion, that term is eliminated from consideration. The case would have been considered as called for trial at the January term, 1947, under the holding of *Gibson* v. *Thorne*, 122 W. Va. 716, 12 S. E. (2d) 535, but for the fact that it was transferred during that term to the Circuit Court of Nicholas County because of the disqualification of the Judge of the Circuit Court of Webster County to hear the case. Presumably that disqualification existed at all times during the term and, therefore, it cannot be said that the case could be called for trial at that term. The case being transferred to the Circuit Court of Nicholas County prior to its February term, 1947, it can be said to have been called for trial at that term, and it could have been called for trial at the May term, 1947, after which latter term the plaintiff in the case, had he made a motion to that effect, would have been entitled to the judgment which I think was improperly entered at the May term, unless at that term the defendant was able to show good grounds for a continuance. In other words, both the February and May terms of the Circuit Court of Nicholas County must have passed without the case being called for trial by either party, before the prevailing party before the justice became entitled to take advantage of the provisions of Code, 50-15-10.

Being of the opinion that the plaintiff in the original action waived his right to avail himself of the provisions of Code, 50-15-10, on any grounds existing prior to the revival of the case in the Circuit Court of Webster County, at the September term, 1946, I think it must depend entirely upon the developments of the case subsequent to that date. I am unwilling to subscribe to the view that

the voluntary action of all the parties to this action, both in the Circuit Court of Webster County, and in this Court, followed by the decision of this Court on the record as made up by the parties, justifies us in now wiping out those proceedings and in reverting to a situation existing long before this Court took jurisdiction of the case on the first writ of error. I do not think this Court should permit litigants to play with the processes of courts in any such fashion. I am not in accord with the view that the Circuit Court of Webster County, or this Court, should be required to automatically enter judgment for the prevailing party before the justice, in the absence of any motion on the part of the prevailing party to do so, and I do not believe any of our decisions on the statute involved support that view. If either court may automatically enter judgment, what becomes of the provisions of Code, 50-15-10, which quite clearly gives a losing party before the justice the right to avoid the terms of the statute by showing good grounds for continuance, which, in my opinion, he may do at the third or any subsequent term when a motion for judgment is made. Evidently, it was intended that a motion for judgment be made which, unless good cause for continuance be shown, was plainly required to be sustained by the court to whom the case has been appealed.

I would reverse the judgment of the Circuit Court of Nicholas County, and remand the case for such further proceeding as the parties may be entitled to take.