STATE *ex rel.* W. R. PEERY

*v.*

STAIGE DAVIS, *Judge, etc.*

(No. 10379)

Submitted April 11, 1951.   Decided May 22, 1951.

*Benjamin A. Ritchie,* for relator.

*Simms & Simms,* and *Philip R. Simms,* for respondent.

HAYMOND, JUDGE:

The petitioner, W. R. Peery, in this original proceeding in this Court, seeks to prohibit the respondent, the Honorable Staige Davis, Judge of the Court of Common Pleas of Kanawha County, West Virginia, from acting or proceeding in a civil action pending on appeal in that court from the judgment of a justice of the peace in which the petitioner is plaintiff and Robert E. Hall is defendant, other than to render judgment in favor of the petitioner for $300 and costs and damages against the defendant Hall and the surety on the appeal bond filed in such action. A rule was issued by this Court returnable April 10, 1951, and on that day this proceeding was heard and submitted for decision upon the petition, the answer of the respondent, certain orders of the Court of Common Pleas entered October 16, 1950, and January 17, 1951, respectively, made a part of the record by written stipulation, and the briefs and the oral arguments of the attorneys in behalf of the respective parties.

At the trial, on February 1, 1950, of a civil action instituted before a justice of the peace of Kanawha County by the petitioner against Robert E. Hall, judgment in favor of the petitioner was rendered by the justice for $300 with interest and costs against Hall, who immediately filed an appeal bond, which was signed by him and by Hayden Walker as his surety, and obtained an appeal to the Court of Common Pleas. On February 10, 1950, the clerk of that court received in his office the transcript and the papers in connection with the appeal from the justice and placed the case upon the docket of the regular February Term of the Court of Common Pleas, which began on February 20, 1950. On the first day of that term of that court, the case, being on the docket,

was called for trial. Neither party entered any appearance, either in person or by counsel, and nothing was done in the case, other than to continue it, at that term of court. The case remained upon the docket of the court at its next regular term in June, 1950, and at that term, according to the allegations of the petition and of the answer of the respondent, the appeal cases upon the docket were in fact not called for trial for the reason that the formal calling by the clerk of the docket of those cases was dispensed with by the court, upon motion of members of the bar present at the time, in order to conserve time and to enable the clerk to set for trial at that term any appeal cases which parties in interest had requested him to set for trial. The clerk was not asked by either party to set the case for trial and it was not brought to trial or hearing, but was again continued, at that term of the court. At the next regular term of the Court of Common Pleas, in October, 1950, that having been the third regular term after the case had been docketed, the defendant Hall not having appeared in the case after it had been appealed, the court, on October 16, 1950, rendered judgment in favor of the petitioner to the same effect and for the same amount as the judgment rendered by the justice and for costs and damages against Hall and Walker, the surety who signed the appeal bond. By letter dated October 23, 1950, the attorney for the petitioner informed Hall of the entry of the judgment and made demand upon him for payment. Hall ignored this demand and later during the same term of court filed a petition and an amended petition in each of which he asked the court to set aside the judgment rendered on October 16, 1950, to reopen the case, and to set it for trial. Petitioner Peery filed his written demurrer to each petition of the defendant Hall and the court, by order entered January 17, 1951, overruled the demurrer to the amended petition, set aside the judgment of October 16, 1950, in favor of the petitioner, reinstated the case upon the docket, and continued the case until the next regular term. Following this action of the court the petitioner instituted this proceeding in this Court on March 13, 1951.

The reasons given by the Court of Common Pleas for the entry of its order of January 17, 1951, as stated in that order, are that, as the transcript and the papers in connection with the appeal from the justice of the peace were not received by the clerk of the court at least thirty days before the first day of the regular February Term, 1950, as the appellee or his agent or attorney was not present when the appellant applied to the justice for an appeal, and as the appellee or his agent or attorney was not given at least ten days' notice of trial, the case, although placed upon the docket by the clerk, was improperly called for trial at the February Term, and that, as the formal calling of the docket, on the first day of the regular June Term, 1950, by the clerk, of cases appealed from justices was dispensed with, the court was unable to determine whether the case was in fact called for trial at the June Term.

The material facts are not disputed and the legal question presented is whether, under the provisions of Section 10, Article 15, Chapter 50, Code, 1931, and in view of the facts disclosed by the pleadings, the Court of Common Pleas was required, at its third regular term after the case was regularly placed upon the docket, to render judgment in favor of the party prevailing before the justice, to the same effect and for the same amount as the judgment rendered by the justice, and for costs of the appeal and damages, against the appellant and his surety on the appeal bond.

In support of his claim that he is entitled to the writ, as prayed for, the petitioner contends that the statute just mentioned applies because the case was regularly placed upon the docket and called for trial at the February and June Terms of court, but was not brought to hearing by either party during either of those terms, and that the Court of Common Pleas was without jurisdiction to set aside the judgment rendered by it, in favor of the petitioner, on October 16, 1950, or to take any action in the case except to enter judgment in favor of the petitioner. In resisting the issuance of the writ the

respondent insists, as already indicated, that the case was not properly called for trial at the regular February Term, and was actually not called for trial at the following regular June Term, and that, for these reasons, the statute does not apply.

Though the appeal from the judgment of the justice was perfected less than thirty days before the first day of the February Term of the Court of Common Pleas, which was the next regular term after the appeal was taken, the case was regularly placed upon the docket for trial at that term. Section 9, Article 15, Chapter 50, Code, 1931, to the extent here pertinent, provides that: "The clerk of the court to which the appeal is taken, on receiving such transcript and papers, shall file the same and docket the appeal. * * *: *Provided*, that no appeal shall be tried as aforesaid, on motion of the appellant, if the transcript and papers have been filed with such clerk less than thirty days before the beginning of a term, unless at least ten days' notice of trial has been given to the appellee, his agent or attorney, or unless the appellee, his agent or attorney be present at the time of application for the appeal." The foregoing provision is substantially the same as that contained in Section 169, Chapter 50, Code, 1923, except that the time relating to the filing of the transcript and the papers has been shortened from "less than three months" to "less than thirty days" by the present statute. That part of Section 169, before its amendment, was considered by this Court in *Lambert* v. *Inter-Urban Motor Company*, 99 W. Va. 135, 128 S. E. 81. In that case this Court held in point 1 of the syllabus: "The prohibition of the statute as to the trial of a civil case in the circuit court on appeal from a justice within three months from the time the transcript and papers are filed with the clerk of the circuit court applies only to a trial had on motion of the appellant. The purpose of this provision is to protect the appellee in such case from surprise. However, the appellee, upon appearance on the day that such case is

set for trial on the trial docket under the rules of the circuit court, is entitled to a trial of said case."

The present statute does not in any wise limit the action of the clerk in placing the appeal upon the docket of the court to which the case has been appealed, or the right of the appellee to a trial at the next regular term of court after the appeal is taken even though that term begins less than thirty days from the time the transcript and the papers are filed with the clerk. It operates merely to prevent a trial at that term of the court, at the instance of the appellant, unless the appellee, his agent or attorney, is given at least ten days' notice of trial, or unless the appellee, his agent or attorney, is present when the application for the appeal is made. If such notice is given, or such presence occurs, the case may be tried at that term on motion of the appellant.

In *Rusinko* v. *Shipman,* 111 W. Va. 402, 162 S. E. 316, in which this Court refused to award a writ of mandamus to require the judge of the Circuit Court of Marshall County to enter the same judgment as that rendered by a justice, the appeal was not placed upon the docket by the clerk because a deposit required by a rule of that court had not been made. In that case it appears that the transcript and the papers in the case were received and filed by the clerk on February 3, 1931, and that the next regular term began within a few days after that date. This Court considered inoperative the rule which required a deposit because contrary to the provisions of Section 20, Article 1, Chapter 59, Code, 1931, and in the opinion said: "* * *, it was the duty of the clerk in the instant case to have forthwith entered it on the docket of the February Term, 1931, of the circuit court of Marshall county, which, according to Code, 51-2-1b, commenced on the second Tuesday of February. *.* *. We are agreed that the case should have been docketed on February 3, 1931, when the papers were received by the clerk, and that the law will consider the case as if it had been properly docketed at that time." See also *State ex rel. Holderman* v. *Arnold,* 127 W. Va. 562, 34 S. E. 2d 15.

It is clear from the foregoing that the case was properly and regularly upon the docket of the Court of Common Pleas at its regular February Term, 1950, and the pleadings show beyond question that it was actually called for trial at that term of the court, which last mentioned action did not occur in the *Rusinko* case.

As to the proceedings had at the following regular June Term, 1950, the second term after the case was docketed, however, the situation is different. At that term of court the case was regularly upon the docket. It was upon the docket at the preceding February Term and remained there at the following June Term. If nothing further appeared in the record, the case having been properly upon the docket, effect would be given to the rebuttable presumption that the case was regularly called for trial. *Maryland Trust Company* v. *Gregory*, 133 W. Va. 387, 56 S. E. 2d 378; *Gibson* v. *Thorn*, 122 W. Va. 716, 12 S. E. 2d 535. Allegations in the petition and in the answer of the respondent, however, clearly show that the case was in fact not called for trial at the June Term, 1950, of the Court of Common Pleas because the court, upon the unanimous request of the members of the bar present when the docket of cases appealed from justices would have been called, dispensed with the calling of the docket on which those cases appeared. These allegations in the pleadings of both parties to this proceeding overcome the foregoing presumption and show conclusively that the case, though on the docket, was actually not called for trial at the June Term of court.

The material part of Section 10, Article 15, Chapter 50, Code, 1931, the statute upon which the petitioner relies, is in these words: "If, after the appeal is regularly placed upon the docket, neither party brings the case to a hearing before the end of the second term thereafter at which it is called for trial, the court, unless good cause for continuance be shown, shall render judgment in favor of the party prevailing before the justice; to the same effect and for the same amount as the judgment rendered by the justice, * * *." This statute is man-

datory in character and when a civil case has been appealed from a justice and the case is regularly placed upon the docket of the court to which the appeal is taken and neither party brings it to a hearing before the end of the second term thereafter at which it is called for trial, or shows good cause for a continuance, the court is required to render judgment in favor of the party prevailing before the justice in accordance with the provisions of the statute. *Maryland Trust Company* v. *Gregory,* 133 W. Va. 387, 56 S. E. 2d 378; *Powers* v. *Trent,* 129 W. Va. 427, 40 S. E. 2d 837; *State ex rel. Bika* v. *Ashworth,* 128 W. Va. 1, 35 S. E. 2d 351; *State ex rel. Holderman* v. *Arnold,* 127 W. Va. 562, 34 S. E. 2d 15; *Gibson* v. *Thorn,* 122 W. Va. 716, 12 S. E. 2d 535; *Fleming* v. *Dent,* 120 W. Va. 691, 200 S. E. 35. If the case is not brought within its terms, however, the statute does not apply. The court in which an appeal from a justice in a civil action is pending is not required by the statute to render the same judgment as that rendered by the justice in favor of the prevailing party unless the appeal is regularly placed upon the docket and unless neither party, without good cause for a continuance, brings the case to a hearing before the end of the second term thereafter at which it is called for trial. *State ex rel. Goloversic* v. *Arnold,* 128 W. Va. 272, 36 S. E. 2d 209; *Rusinko* v. *Shipman,* 111 W. Va. 402, 162 S. E. 316. In the opinion in the *Rusinko* case this Court said: "A court is not required to render judgment under Code, 50-15-10, unless (1) the appeal is regularly placed upon the docket, and (2) neither party has brought 'the case to a hearing before the end of the second term thereafter at which it is called for trial'."

As it is clear that the case was actually not called for trial at the June Term, 1950, of the Court of Common Pleas, that court was not subject to the mandate of the statute and was not required to enter the judgment provided for by its terms. The case not being within the provisions of the statute the Court of Common Pleas was vested with the power to set aside its order of Oc-

tober 16, 1950, which rendered judgment in favor of the petitioner to the same effect and for the same amount as the judgment rendered by the justice and costs and damages against Hall and Walker, the surety who signed the appeal bond, to reinstate the case upon the docket, and to continue it until the next regular term, all of which it did by its order of January 17, 1951.

By Section 1, Article 1, Chapter 53, Code, 1931, the writ of prohibition lies as a matter of right in all cases of usurpation and abuse of power, when the inferior court does not have jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers. *State ex rel. Cosner* v. *See,* 129 W. Va. 722, 42 S. E. 2d 31; *State ex rel. Noce* v. *Blankenship,* 93 W. Va. 273, 116 S. E. 524; *Weil* v. *Black,* 76 W. Va. 685, 86 S. E. 666; *Johnston* v. *Hunter,* 50 W. Va. 52, 40 S. E. 448; *County Court of Wood County* v. *Boreman,* 34 W. Va. 362, 12 S. E. 490; *McConiha* v. *Guthrie,* 21 W. Va. 134. When, however, none of the foregoing conditions exists, the writ will not be awarded. *State ex rel. Price* v. *Thrift,* 135 W. Va. 805, 65 S. E. 2d 398; *State ex rel. Rufus* v. *Easley,* 129 W. Va. 410, 40 S. E. 2d 827; *Bloxton* v. *McWhorter,* 46 W. Va. 32, 32 S.E. 1004; *Haldeman* v. *Davis,* 28 W. Va. 324. The Court of Common Pleas had jurisdiction of the parties and the subject matter of the appeal from the justice, and in entering its order of January 17, 1951, it did not usurp or abuse power or exceed its legitimate powers. In consequence, the writ of prohibition prayed for by the petitioner is denied.

*Writ denied.*