STATE *ex rel.* RONDELL BROWNING

*v.*

HARVEY OAKLEY, *Judge of the Circuit Court of Logan County and* LAUREL VANCE

(No. 13385)

Submitted September 11, 1973.  Decided October 23, 1973.

*W. Bernard Smith* for relator.

*Charles T. Bailey* for respondent Laurel Vance.

BERRY, CHIEF JUSTICE:

This original proceeding in mandamus was instituted by Rondell Browning, hereinafter referred to as relator, against the respondents, Harvey Oakley, Judge of the Circuit Court of Logan County, and Laurel Vance, defendant in a civil suit in a justice of the peace court, wherein the relator was awarded a judgment in the amount of $300.  The respondent Vance appealed the judgment to the Circuit Court of Logan County and the relator now seeks to have the respondent Judge enter a judgment in his favor in the amount of $300, since more than two terms of court had passed without the case being brought to trial, as provided for in Code, 50-15-10.  This Court granted a rule on June 25, 1973

returnable September 11, 1973 at which time the case was submitted for decision on the briefs on behalf of the respective parties.

It appears from the pleadings that the relator found respondent's lost dog and cared for the dog while advertising in the local paper in an effort to locate the owner. In the meantime, the owner of the dog, respondent Vance, upon hearing that the relator had his dog, initiated a criminal action in a justice of the peace court charging relator with the theft of his dog. The charges were subsequently dismissed and the relator then instituted a civil action before another justice of the peace against respondent to'recover his expenses in caring for Vance's dog. In the case before this Court, the respondents' answer referred to evidence presented before the justice of the peace to the effect that relator expended $22.50 for food for the dog and $3.57 for advertising and also referred to evidence introduced in the trial before the justice of the peace with regard to the wages he lost in connection with the criminal proceedings instituted by Vance against the relator. The relator filed a replication and demurrer to the respondents' answer.

The appeal was regularly placed on the docket of the Circuit Court and was called for trial at the May and September terms, 1970; the January, May and September terms, 1971; and the January, May and September terms, 1972. However, the case was not brought to trial during any of these terms and the record does not show that any motions for continuances were filed by either party.

No orders were entered by the trial court but the parties stipulated that at least three pre-trial conferences were held. The respondent Vance contends that the judge ruled at the first pre-trial conference in May, 1970 that the evidence of the relator's expenses incurred in the criminal action could not be considered in assessing damages for the relator. The counsel for the relator admits that he understood that the circuit court had determined that the evidence of the criminal action

could not be considered on appeal. During the January, 1973 term of court the relator filed a motion for judgment in accordance with Code, 50-15-10. After a hearing was held on the motion for judgment, the court on June 11, 1973 refused to grant relator's motion for judgment under Code, 50-15-10 but granted what the court styled a motion for summary judgment and directed an inquiry into damages.

The relator contends that under the provisions of Code, 50-15-10 the respondent Judge was under a mandatory duty to award judgment in favor of the relator in the amount of $300. The counsel for respondent Vance contends that the judgment of the justice of the peace was partially void because a justice of the peace has no jurisdiction over a malicious prosecution case and the justice of the peace apparently joined a malicious prosecution action with the action on the implied contract for the care of the dog in arriving at damages in favor of the respondent in the amount of $300.

An appeal from a judgment rendered in a justice of the peace court is tried de novo in the circuit court and is determined without reference to the judgment of the justice on principles of law. *Cook v. Continental Casualty Co.*, 82 W.Va. 250, 95 S.E. 835; *Watson v. Hurry*, 47 W.Va. 809, 35 S.E. 830.

The appeal in the case at bar was placed on the docket of the circuit court and called for trial for at least eight terms of court without a trial being held on the appeal. The record does not show that any motions were made for continuances for any purpose during the time the case was on the docket for trial, and it is a well recognized principle of the law that courts of record can speak only by their record and what does not so appear does not exist in law. *Powers v. Trent*, 129 W.Va 427, 40 S.E.2d 837; *State ex rel. Mynes v. Kessel*, 152 W.Va. 37, 158 S.E.2d 896.

The undisputed facts in the instant case are that the appeal was regularly placed on the docket, that it was not brought to a hearing by either party for more than two terms after it was called for trial, and that there were no continuances for good cause reflected in the record.

The disposition of this case is controlled by the mandatory provisions of Code, 50-15-10, which read as follows: "If, after the appeal is regularly placed upon the docket, neither party brings the case to a hearing before the end of the second term thereafter at which it is called for trial, the court, unless good cause for a continuance be shown, shall render judgment in favor of the party prevailing before the justice, to the same effect and for the same amount as the judgment rendered by the justice, and, in addition thereto, if the judgment rendered by the justice was against the appellant, then the judgment of the circuit or other appellate court, where there has been such failure to bring the case to a hearing, shall be against the appellant and those who signed the bond, as is provided in the following section [§50-15-11] of this article. * * * "

It has been repeatedly held by this Court in cases coming within the purview of the above quoted statute, under which the instant case clearly falls, that it is the mandatory duty of the circuit court to enter judgment in favor of the party prevailing before the justice to the same effect and for the same amount as the judgment rendered by the justice. *Fleming v. Dent,* 120 W.Va. 691, 200 S.E. 35; *State ex rel. Bika v. Ashworth,* 128 W.Va. 1, 35 S.E.2d 351; *Powers v. Trent, supra; Maryland Trust Co. v. Gregory,* 133 W.Va. 387, 56 S.E.2d 378.

It has also been held that mandamus is the proper remedy to compel the lower court to enter judgment in accordance with the provisions of Code, 50-15-10. *State ex rel. Bika v. Ashworth, supra; Fleming v. Dent, supra.*

The matters involved in the case at bar, and the law applicable for the disposition thereof, are appropriately stated in the syllabus of the case of *State ex rel. Bika v.*

*Ashworth, supra,* wherein the following language appears: "In a civil case, pending in a circuit or other court of competent jurisdiction, on appeal from a judgment of a justice of the peace, regularly docketed and not brought to hearing by either party before the end of the second term thereafter at which it is called for trial, it is the duty of the judge of such court, under Code, 50-15-10, no good cause for continuance being shown, to render the judgment prescribed by the statute; and mandamus lies to require him to render such judgment."

For the reasons stated herein, the relator's demurrer to the respondents' answer is sustained and the writ prayed for is granted.

*Writ granted.*