HOMER C. JONES, *et al.*

*v.*

COLUMBIAN CARBON COMPANY, *A Corporation*

(No. 10039)

Submitted September 28, 1948.  Decided

December 14, 1948.

*H. D. Rollins,* for plaintiffs in error.

*Hodges, Revercomb & Price* and *Arthur B. Hodges* for defendant in error.

KENNA, JUDGE:

This notice of motion proceeding was brought in the Circuit Court of Kanawha County against Columbian Carbon Company by Homer C. Jones and eleven others as lessors seeking to recover an amount allegedly withheld by the defendant as lessee under the terms of Chapter 127 of the Acts of 1939, [Code 11-13-2j (Michie 1943)] in payment of the three per cent tax upon plaintiffs' oil royalty imposed by that statute.

The defendant appeared, demurred to the notice, filed what are termed a "special plea" and a separate plea of *nil debit,* after which the case was by agreement submitted to the court on the pleadings. Pursuant to a letter addressed to counsel and made a part of the record an order was entered holding in favor of the defendant and dismissing the plaintiffs' proceeding. This Court granted a writ of error upon petition of plaintiffs.

In 1936 the plaintiffs, together with Lavada C. Dawson, as owners leased to Columbian Carbon Company for oil and gas development four separate, but adjoining, tracts in Poca District, Kanawha County. On May 14, 1940, before any of the tracts were drilled the plaintiffs and Lavada C. Dawson executed what is called a "consolidation agreement", the general effect of which is to

permit a lessee to develop boundaries separately leased to it as though they had been leased as a single unit, in the event of production compensating the lessors in accordance with what their proportionate interests in the whole boundary might require. The tract was developed by the lessee either in late 1940 or in early 1941 by the production of oil in considerable quantities. This was followed by what is called a division order, dated July 25, 1941, and addressed to Eureka Pipe Line Company and executed by the lessors and by Columbian Carbon Company. The effect of this order was to authorize the pipe line company to connect with the tanks in which the oil from the lessee's well No. 1 on this lease was stored and to transport both the interest of the lessee and that of the lessors and, after deducting the cost of transportation, to pay the amount collected by it, being the market value of the oil transported, seven-eighths to the lessee and one-eighth to the lessors as their individual interests appeared on the face of the order. Later and on July 25, 1941, the plaintiffs sold their oil to Elk Refining Company.

Under the express terms of Chapter 127 of the Acts of 1939 the producer was made responsible for and required to pay not only the tax imposed upon the seven-eighths interest of the lessee, but also, subject to reimbursement, the tax imposed upon the one-eighth or royalty interest of the land owners or lessors. This the Columbian Carbon Company did in spite of the fact that Elk Refining Company, who had purchased the oil of the lessors under the agreement of July 25, 1941, continued to pay the lessors the entire one-eighth due them from that company. This continued until the agreement of October 23, 1944, became effective. This agreement authorized the Elk Refining Company to pay directly the tax due upon the plaintiffs one-eighth of the oil produced and also to reimburse Columbian Carbon Company in the amount of $3,570.46 for the amount that it had paid the State for the plaintiffs at the rate of $300.00 per month. This contract, the plaintiffs now

contend, does not bind them because it was entered into due to coercion and duress from Columbian Carbon which gave them the choice either to authorize reimbursement to the extent of $300.00 per month until Columbian Carbon was fully repaid or, without an understanding to that effect, to submit to Columbian Carbon's impounding by reason of its position as lessee, the entire amount due from Elk Refining Company to the plaintiffs.

The first question to be considered is the effect to be given the written agreement dated October 23, 1944, between the plaintiffs, Columbian Carbon Company and Elk Refining Company, so worded as to reimburse Columbian Carbon in the amount of $3,127.38 from the future proceeds of the plaintiffs' royalty oil at the rate of $300.00 per month, that being the agreed amount of the taxes paid direct by Columbian Carbon under the 1939 amendment of Code, 11-13-2a in behalf of the plaintiffs, and to authorize the Elk Refining Company, it not being the producer but being the purchaser of the oil royalty, to pay the tax against the plaintiffs' royalty interest in the future, and charge it against them. The plaintiffs attack this contract as having been procured by duress, Columbian Carbon having told them that if the amount due it from them were not repaid at the rate of $300.00 per month, it, Columbian Carbon, would proceed to impound the entire monthly amount due plaintiffs. The defendant takes the position that this record shows no such coercion and that if it did, threatened bona fide litigation is not duress. In our opinion, however, it is unnecessary to consider the respective contentions because the writing of October 23, 1944, shows upon its face by its express provisions that it was made solely to comply with the provisions of Chapter 127 of the Acts of the Legislature of 1939, (Code, 11-13-2j) which was held unconstitutional by this Court in the case of *Cole v. Pond Fork Oil & Gas Co.*, 127 W.Va. 562, 35 S.E. 2d 25. A contract which is executed solely for the purpose of complying with the provisions of an unconstitutional statute is not valid, and the person who

under its terms is obligated to comply with the provisions of the unconstitutional act is entirely relieved. 11 Am. Jur., 829, 831, and footnotes. That being so we have no difficulty in deciding that the contract in question, expressly drafted in order to comply with an enactment subsequently held unconstitutional in toto, is of no effect.

The writing of October 23, 1944 being of no effect. Chapter 127 of the Acts of 1939, offered as an amendment to Article 13, Chapter 11 of the West Virginia Code, being invalid, the rights of the parties litigant rest upon the provisions of Code, 11-13-2a, under the terms of which the producer of oil is chargeable with three per cent of its gross proceeds, the measure of which is the entire production in this State, as distinguished from a working interest.

It is contended by the defendant that since the enactment of Code, 11-13-2a, in the year 1921 it has been administered by assessing the proceeds of the working interest of seven-eighths only, and therefore that the defendant owed nothing by reason of the production of royalty oil and that whatever it paid for that reason is paid for and on behalf of the plaintiffs under an unconstitutional statute: that it was not the defendant's tax, but was the plaintiffs. The defendant contends that since the statute was enacted in 1921 its administrative enforcement should be accepted by this Court as a binding practical construction of the act involved. We cannot agree. The question as to the validity of taxing the producer of oil with a production assessment including a royalty in kind of one-eighth of the oil, contended never to have become his property, we are not considering. We are simply saying that that is the wording of the statute, and that we do not consider an administrative construction where no ambiguity is involved to be binding upon this Court.

On the basis of the foregoing it would seem that Columbian Carbon Company has advanced $3,127.38 in

order to discharge a tax obligation thought at the time to be the obligation of plaintiffs, and has since deducted that amount from its obligation to plaintiffs payable through Elk Refining Company, by virtue of a contract now found to have been inoperative. Therefore, Columbian Carbon Company, on the basis of the record now before us, owes to each of the plaintiffs a proportionate share in that amount of money.

For the foregoing reasons the order of the Circuit Court of Kanawha County is reversed and the case remanded for further development.

*Reversed*